THE MAYOR AND COUNCIL OF NEW CASTLE, a municipal corporation of the State of Delaware, *vs.* JAMES B. TOMAN, JR., and AMERICAN BONDING COMPANY OF BALTIMORE, a corporation of the State of Maryland.

1.  PLEADING—SUBJECT-MATTER OF ALLEGATIONS.

Pleadings in an action at law should contain a statement of the facts sufficient to apprise the opposing party of the matters relied upon, and should also present an issue which, when joined, discloses the precise question for determination.

2.  PLEADING—REPLICATION—PARTICULARITY.

In an action of debt for the penalty of a bond, where the obligation is admitted and the defendant pleads performance, the degree of particularity required for the assignments of the breach by replication is controlled by necessity and by the relation of the parties to each other and to the matter in dispute, since a litigant, in possession of the facts in controversy, cannot exact of his adversary the same particularity of statement which would be required if he were without knowledge of the facts.

3.  TAXATION—COLLECTOR'S BOND—ACTIONS—PLEADING—ASSIGNMENT OF BREACH.

The assignment of breach in the replication, in an action upon a tax

collector's bond given to a city, need not allege the names of the persons from whom the taxes were not collected or were collected and not accounted for, or what portion of the taxes not accounted for belonged to the different funds, since those are matters peculiarly within the knowledge of the collector, and of which the city could obtain information only through him.

4. TAXATION—COLLECTOR'S BOND—PLEADING—ASSIGNMENT.

The portion of the taxes unaccounted for which belongs to the separate funds is not material to enable the collector to determine to what funds the city has credited the payments made by him, since his liability is discharged by the payment of the money collected to the city, regardless of the funds to which the city credits it.

(*June* 4, 1913.)

Judges WOOLLEY and RICE sitting.
*Francis deH. Janvier* for plaintiff.
*Cooper* and *Bradford* for defendant.
Superior Court, New Castle County, May Term, 1913.

DEMURRER to replication in an action of debt on a tax collector's bond (No. 44, September Term, 1912). Demurrer overruled.

The issues raised by the demurrer appear in the opinion.

WOOLLEY, J., delivering the opinion of the court:

This is an action of debt instituted by the Mayor and Council of New Castle against James B. Toman, Jr., as principal and American Bonding Company of Baltimore as surety on two bonds, one entered into by the defendants to insure the faithful performance of the duties of the said Toman as "collector of the city and school taxes of the City of New Castle, Delaware, for the year 1909," and the other to insure the like performance of the duties of the said Toman as "collector of the road and street tax within the limits of the City of New Castle, Delaware, as laid for the year 1909."

The plaintiff, by the two counts of the narr, declared upon the penalties of the two bonds; the defendants pleaded performance, to which the plaintiff replied, in substance, that the condition of each bond was that the said Toman should faithfully perform his duties as collector of the taxes in each of them particularly designated; that the said Toman had been duly appointed collector respectively of the taxes mentioned, for the year 1909;

that a true list, duly certified, of the persons and estates within the said City of New Castle and the sums to be collected from each for the tax purposes aforesaid, according to the rates of taxation laid, was duly delivered to the said Toman with a precept or warrant requiring him forthwith to collect and receive the several sums mentioned; and that, after the execution of the obligations here sued upon, the said Toman entered upon his duties as tax collector.

For breaches of these obligations and of the undertakings therein contained, the plaintiff assigned, that the said Toman "did not faithfully perform his duties as such collector in this that he has wholly failed and neglected to produce to the city council of the said City of New Castle, a list of the said taxes and to settle in full with the said city council on the third Tuesday in March, A. D. 1910, according to law, or at any other time, for the taxes required to be collected by him as aforesaid, except delinquencies and commissions allowed by said city council, but he has wholly failed and neglected to settle and account for divers sums of money in the said list of taxes above mentioned, amounting in the whole to a large sum of money, to wit, the sum of six hundred and fifty-nine dollars and eleven cents, yet the said defendants and each of them, although often requested so to do, have not yet accounted for or paid the same to the said plaintiff," etc.; second, that the said Toman as such collector "collected from the persons and estates in said list mentioned, certain city and school taxes of the City of New Castle, Delaware, for the year 1909, amounting in the whole to a large sum of money, to wit, six hundred and fifty-nine dollars and eleven cents, which said sum of money the said collector has failed to pay to the treasurer of the said City of New Castle according to law," etc.; third, that the said Toman as such collector "failed and neglected to collect from the persons and estates in the said list mentioned, certain city and school taxes of the City of New Castle, Delaware, for the year 1909, amounting in the whole to a large sum of money, to wit, six hundred and fifty-nine dollars and eleven cents, and has wholly failed to account for the said sum of money to the City Council of the said City of New Castle," etc.

The assignment of breaches upon the bond of Toman as collector for road and street taxes within the City of New Castle are the same, *mutatis mutandis*, as the breaches assigned upon his bond as collector of city and school taxes.

The defendant demurred to the replication and assigned as causes therefor, first, that the names of the taxables from whom taxes were collected and not paid over or from whom taxes were not collected, as alleged in the assignment of breaches, do not appear; and second, that as the city taxes and the school taxes are separate taxes, levied and imposed for separate purposes, the assignments of breaches fail to disclose what portion of the taxes alleged to have been collected and withheld or not collected at all, was city taxes, and what portion thereof was school taxes.

The issues submitted for consideration are those raised by the demurrer.

[1] Pleadings in an action at law constitute the method by which the defendant is informed of the plaintiff's demand and the plaintiff is informed of the defense intended to be made thereto. When properly drawn a pleading should possess two essential features, first, a sufficient statement of the matter pleaded, so that the opposing party may be fully apprised of the matter intended to be urged against him, and second, that it presents an issue, which when joined, discloses alike to the parties and to the tribunal to which it is submitted, the precise question for determination.

[2] What constitutes a sufficient statement of facts depends somewhat upon the nature of the facts as well as upon the knowledge of the facts by the one who is required to give or the one who is entitled to receive information relative to them. The litigant who is largely or exclusively in possession of the facts in controversy cannot exact of his adversary the particularity of statement which would be required of his adversary, were he without knowledge of the matter complained against him. And this is peculiarly true in an action of debt on an instrument whereby the obligation is admitted and the liability is enforceable only for breaches thereof. While in an action of debt on the penalty, where the defendant pleads performance, the plaintiff, by his

replication, must assign breaches with particularity (1 *Chitty Pl.* 585), the degree of particularity is controlled somewhat by the extent of the necessity therefor, having regard to the relation of the parties, one to the other and to the matter in dispute.

[3] To debt on bond, conditioned that one B. R. should account for and pay over to the plaintiffs, as treasurers of a charity, such voluntary contributions as he should collect for the use of the charity, the defendant pleaded, as in this case, general performance. The plaintiffs replied that B. R. had received divers sums amounting to a certain sum from divers persons as voluntary contributions for the use of the said charity, which he had not accounted for or paid over. Upon special demurrer, the court held that the breaches thus generally assigned were sufficiently certain and particular. *Barton v. Webb*, 8 *T. R.* 459; *Leigh's Nisi Prius*, 766.

To a declaration on a bond conditioned for the payment of a sum certain, the defendant pleaded that all sums due thereupon had been paid. The court held that to such a plea the plaintiff might reply by a general denial of the words of the plea, without assigning any breaches. 2 *Chitty Rep.* 697; 1 *Chitty Pl.* 686.

To debt on bond, the condition of which was that A. B., a collector of poor rates, should deliver a true account of all moneys received by him in pursuance of his office, the defendant, as in this case, pleaded performance generally. The court held that in the assignment of breaches it is necessary to reply that he received money by virtue of his office, for which he should account and make payment (*Serra v. Fyffe*, 1 *Marsh.* 441, 4 *Eng. C. L.* 346), but that the sum so received need not be specially mentioned 1 *Chitty Pl.* 585, *note*.

In the case under consideration the defendant Toman gave two bonds to insure the faithful performance of his duty as collector of several kinds of taxes. Under the terms of each of his bonds he is chargeable with the collection from the taxables and for the payment to the city of the whole amount of taxes assessed, less such sum as he may show to be errors and for which he may show he has asked and received an allowance. Of the taxes for the collection and payment of which he is thus chargeable, he is

specifically informed by the tax duplicates with which he is supplied by the city and in accordance with which he is instructed to make his collections. From this duplicate he knows the gross amount for which, under his bond, he may be called upon to answer, and from this duplicate he learns the name of every taxable and the amount assessed to him. When he collects a sum of money from a taxable, he knows from what taxable the collection is made, the amount thereof and probably to what tax, whether city or school, the payment should be credited. If errors in this duplicate exist, they are first discovered by him and there is provided for him a legal method by which these errors may be ascertained and allowed, to the reduction of his liability upon his bond.

[4] No one knows as well as he who have paid their taxes and what taxes they have paid. Of errors for which he has claimed and received allowance no one has knowledge superior to his own. Of these facts he has primary, and in some instances, exclusive knowledge. Why then should they be assigned in the breaches? If the collector, in making payment of the taxes collected, failed to designate to the city the taxables from whom collections were made, or on account of what tax, whether city or school, street or road, such payments were to be applied, he cannot ask the city to give him by pleading the particular information which he withheld from it and which the city could have gotten from him alone. If city taxes were collected by him and upon payment to the city were credited by the city to school taxes, because of his failure to designate which of the taxes collected were city taxes and which were school taxes, that is unimportant to him if he has collected and paid to the city all taxes charged to him on his duplicate, less errors allowed. If he has not made such full payment, he may prove what taxes he has collected and paid both city and school, and when so proven, his duplicate is to that extent discharged and his liability on his bond is to that extent reduced, regardless of the bookkeeping of the city.

In the opinion of the court, it is a sufficient assignment of the breaches in the pleadings in this case for the city to say that all

of the taxes assessed and noted on the duplicate were not collected, or if collected, have not been paid by the collector to an amount equal to the difference between the aggregate of the taxes on the duplicate and the aggregate of the amount received from the collector in payment thereof. This the city has done. Payments that make a different total, credits to the wrong tax account, errors allowed and commissions claimed, are all matters of defense.

The demurrer is overruled.