PHILADELPHIA STORAGE BATTERY CO.,

a corporation,

*vs.*

RADIO CORPORATION OF AMERICA,

a corporation,

*New Castle, July 8, 1936.*

*Robert H. Richards* and *Caleb S. Layton,* of the firm of Richards, Layton and Finger, and *Hugh M. Morris* of Wilmington, *Charles J. Hepburn, Charles C. Norris, Jr.,* and *Philip Dechert,* of the firm of Hepburn and Norris, of Philadelphia, of counsel, for complainant.

*Clarence A. Southerland,* of the firm of Ward and Gray, of Wilmington, *John W. Davis, Manton Davis,* and *Porter R. Chandler,* all of New York City, of counsel, for defendant.

THE CHANCELLOR: The demurrer raises the question of whether certain of the allegations of the cross-bill offend

against the rule requiring particularity in pleading. The challenged allegations assign breaches of the agreement by the cross-defendant. The question is whether the breaches are assigned with sufficient particularity.

The general rule is that it is sufficient to assign a breach in the words of the contract. It is unnecessary to look beyond our own jurisdiction for authority in support of the rule. *Randel v. President, etc., of Chesapeake & Delaware Canal,* 1 *Har.* 151; *Mayor and Council of New Castle v. Toman,* 4 *Boyce* (27 *Del.*) 242, 88 *A.* 65. If a general negation of the words of the covenant would not necessarily constitute a breach, then a general assignment is insufficient. This is an exception to the general rule and is recognized as such in the cases just cited. The reason for the exception is apparant, for if a fact charged in the assignment is equivocal in that it may or not be within the meaning of the covenant though strictly within its letter, the adverse party is entitled to have it particularized so as to exclude the possibility of its being an act lying outside of the covenant's application.

The Delaware cases above cited refer to another exception to the general rule. It is that a general assignment of breach in the negative words of the contract, is not open to objection on the score of its generality, if the facts constituting the breach lie peculiarly within the knowledge of the party charged therewith. If the facts constituting the breach are peculiarly within the knowledge of the complaining party whereby it may fairly be said that the defendant is left in obscurity concerning what is charged against him, then a general assignment in negative words of the covenant lacks that particularity which good pleading demands.

It is never necessary of course for a party in laying his breaches of a contract to set forth the evidence he proposes to offer to prove them. All that his adversary is entitled to insist upon is, that he shall be afforded reasonable

notice of the matter relied on against him. The general rule above referred to with its stated exceptions, is considered in the cases cited as usually calculated to afford the adverse party all the notice he can reasonably demand.

It is now in order to examine the cross-bill with the view of determining whether, in light of the foregoing principles, its allegations are open to the objection which the demurrer advances.

(a) One paragraph of the agreement provides as follows:

"Neither this argreement or any of its benefits shall be directly or indirectly assigned, transferred, divided or shared by the licensee (cross-defendant) with any person, firm or corporation whatever without the written consent of the Radio Corporation (cross-complainant) * * *."

The cross-bill charges that the cross-defendant "has in fact assigned and transferred the license agreement and its benefits to, and has divided and shared the license agreement and its benefits with Philco Radio Television Corporation, and its subsidiaries, and Transitone Automobile Radio Corporation, and continues to do so," without the written consent of the cross-complainant.

There is thus, first, an assignment of the breach in the general language of the agreement; and second, a particularization of the parties to whom the assignment and transfer are alleged to have been made and with whom the agreement and its benefits are alleged to have been divided and shared.

It may of course be said that the cross-defendant knows perfectly well what its dealings and relations with the named corporations have been. When it is charged with having, in the language of the agreement, assigned and transferred the agreement and its benefits to the two corporations, there can be no great obscurity of meaning in the charge. Assignment and transfer are terms of definite import and rather defined meaning. The usual practice of pleaders is, however, when a conveyance, assignment or

transfer is alleged, to proceed with a general description at least of the instrument or other evidence of conveyance, etc. Whether such particularization is necessary in such case I shall not pause to examine.

When, however, an allegation is made that the cross-defendant has divided and shared the agreement and its benefits, we have language that markedly lacks the degree of precision and definiteness which is found in the former. What dividing and sharing may mean is quite indefinite and may include a variety of conceptions. I do not know how the cross-defendant can be expected to anticipate the sort of evidence that may be adduced against it in support of the charge of dividing and sharing. If the terms are sufficiently understood to have any association with familiar transactions, the argument and brief of the cross-complainant have completely failed to suggest the association. The cross-defendant protests its ignorance of what the charge means. If the dividing and sharing are meant to be charged as having been accomplished by the re-organization of the cross-defendant and Philco Radio and Television Corporation and the business relations ensuing thereon as related in the prior pleadings, the cross-defendant insists that its adversary should say so. If it is meant by the charge to contend that the dividing and sharing were effected in some other way, the cross-defendant insists that it should be so advised, to the end that it may come to the trial with the theory of the case disclosed by the pleadings in advance. This position seems to me to be well taken.

The demurrer under this head should be sustained.

(b) Another paragraph of the agreement defines the products which are subjects of the patents and refers to them as "complete apparatus," etc., upon the sales of which royalties are to be paid. The cross-bill alleges that the cross-defendant in violation of the agreement has sold or purported to sell "less than complete apparatus as such and saleable to the using public as such," to the damage of the cross-complainant.

The breach assigned in that language is complained against as not sufficiently particular. There appears to be a difference of opinion between the parties concerning the precise meaning of the contract in the practical application of the contract's definition of "complete apparatus, etc.," to physical features of the various parts composing the apparatus. The cross-defendant has its conception of the contract's meaning in that regard and the cross-complainant has its conception. The cross-defendant certainly knows whether it has violated the agreement according to its understanding of the agreement. It is acquainted with the details of its own conduct under the contract. The breach is assigned with sufficient certainty to apprise the cross-defendant of the matter relied on. The desire of the cross-defendant seems to be to compel the cross-complainant to enumerate in detail the items which in its view go to compose the "complete apparatus" and the omission to calculate which as among the costs of manufacture reduces the royalty base. Now to set out these items may tend to great prolixity in the pleading which, according to the court in *Randel v. President, etc., of Chesapeake & Delaware Canal, supra,* is to be avoided. The cross-defendant being advised of the matter relied on by the assignment of breach, it can result in no injury to it and will be more in the interest of convenience of procedure, to await the trial when it will be incumbent on the cross-complainant to offer evidence of the details wherein it contends that less than complete apparatus has been marketed by the cross-defendant. At that time the inclusion or the exclusion from the phrase "complete apparatus" of the items contended for may be more conveniently passed upon in the light of full evidence. It does not appear to me that leaving the allegation in its present form can be prejudicial to the cross-defendant because of its alleged generality.

The demurrer under this head should be overruled.

(c) The cross-bill alleges that the cross-defendant in its sale of licensed apparatus to Philco Radio and Television

Corporation and to Transitone Automobile Radio Corporation, has reduced the proper selling price thereof by making various unjustified charges and billings against those corporations, whereby the selling price base on which royalties are computed has yielded less revenue to the cross-complainant than it should have received. The bill charges that these charges and billings were made expressly in circumvention of the agreement and in order to avoid a portion of its obligation.

It is objected that the allegation in this regard is vague, indefinite and uncertain. I do not think so. The cross-defendant knows whether it has made any improper charges and billings. It is not incumbent on the cross-complainant to inform the cross-defendant of facts which, if they are true, are in its own knowledge. In this particular the case is analogous in principle to *Mayor and Council of New Castle v. Toman, supra,* where it was held that a general allegation was sufficient which charged the defendant with having collected taxes from sundry persons appearing on the tax duplicate and with failure to pay the same over to the city. It was determined by the court that the breach, though general in the language of its assignment, was sufficiently informative to the defendant who of course knew of the taxes he had collected and withheld, if any; and that it was not necessary for the pleader to specify in detail the names of the persons whose taxes the defendant had collected and had failed to pay over.

The demurrer under this head should be overruled.

(d) Lastly, the cross-bill alleges that by reason of all that it theretofore recites "and by reason of other breaches and defaults on the part of the cross-defendant, under the terms of the license agreement," the cross-defendant has failed to pay royalties properly due the cross-complainant and that it is therefore entitled to an accounting, etc.

The quoted language is too general. It is justly objected to as vague, indefinite and uncertain. The cross-com-

plainant concedes it to be so. It states, however, that it intends to rely only on the other matters previously recited in the bill and does not contemplate the introduction of evidence to sustain breaches of any other character. The cross-defendant, however, is entitled to insist as it does that the issues shall evolve from the pleadings and not lie in the lap of informally expressed intentions. The cross-complainant does not, and it cannot controvert that position.

The demurrer under this head is well taken.

Order in accordance with the foregoing.