THE HOLLAND LAND COMPANY *v*. MARYLAND CASUALTY COMPANY.

*(December* 20, 1939.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Ivan Culbertson* for plaintiff.

*David F. Anderson* (of Ward and Gray) for defendant.

Superior Court for New Castle County, No. 95, May Term, 1939.

SPEAKMAN, J., delivering the opinion of the Court:

The declaration consists of one count in which the plaintiff has declared on the bond for the penalty. There is nothing in the count which shows any collateral conditions.

The copy of the obligation which was filed with but not as a part of the declaration was filed by the direction of the plaintiff's attorney "under the statute." No reference to any particular statute was made by him. By a statute of this State (*Sec.* 4649 of the *Revised Code* of 1935), it is provided that:

"In any action brought upon any deed, bond, bill, note, or other instrument of writing, a copy of which shall have been filed with the Declaration, the defendant, not being an executor, or administrator, shall not, on the trial, be allowed to deny his signature or that of any other party to the instrument, and the execution of such instrument, shall be taken to be admitted, unless the defendant shall have filed an affidavit, denying the signature, at the time of filing his

plea, or within such further time as the Court shall, on motion, allow."

This is the only statute, to which our attention has been directed, under which the filing with the declaration of a copy of such an obligation as that sued on is specifically provided for.

The argument of counsel for the defendant in support of the pleas, is to a considerable extent, based upon the theory, that because profert of the obligation sued on was made and a copy of it was filed with the declaration, the copy became a part of the pleadings, and therefore a contention of the plaintiff that the defendant should have craved oyer of the obligation before the filing of the pleas is "not well founded in fact."

In the days of oral pleading, where a party alleged any deed, he was, in general, obligated by a rule of pleading to make profert of such deed; that is, to produce it in Court simultaneously with the pleading in which it was alleged. This, of course, was an actual production in Court. *Stephen's Pl.* 65. But since the days of oral pleading, where a party in his declaration refers to a deed with a profert in *curiam*, the deed is by intendment of law in Court during all of the term after profert is so made, and after the term, if the deed be not denied it is returned to the plaintiff. By profert the deed is shown to the Court in order that they may see it is a valid deed, but not to the party defendant, who if he wants to see it must crave oyer. *Easton v. Jones*, 1 *Harr.* 433, note.

Nothing would be accomplished by citing cases in which it has been held that a deed declared on, but not set out at length, is no part of the record and cannot be noticed by the Court, and we know of no way to get such an obligation placed in the record, so as to eventually become a part of the pleading, without oyer. The defendant seems to believe that the difficulty was obviated in the pres-

ent case by the filing of a copy of the obligation by the plaintiff, at the time the declaration was filed. This would not make the copy of the obligation part of the pleading, and especially so where the copy is filed for some particular purpose under a statute. In such a case the purpose would limit the use. A declaration on a writing under seal must give the legal effect of the writing, and in doing so, must state so much of it as will support the action. Matters not included therein cannot be considered as a part of the declaration.

The action is in debt. It is conceded that the obligation sued on is a bond with a collateral condition and that the suit is against the surety on the bond.

In an action of debt on a bond with a collateral condition the plaintiff must assign a breach in some part of his pleading, or suggest it on the record, and the breach must show a cause of action. *Bishop v. Wild's Adm'r*, 1 *Harr.* 87.

In an action on a bond with a collateral condition the plaintiff has a right to choose between two modes of assigning the breaches of its condition. He may declare on the bond and in his declaration assign the breaches of its condition, or he may not state the breaches in the declaration, but declare merely for the penalty, and reserve the assignment of the breaches for the replication. *Woolley Del. Pr.*, *Sec.* 1480. In this case the plaintiff has elected to follow the latter of the two modes. This, in an early case in this State, was said to be the usual course of pleading in actions on bonds with a collateral condition. State, to Use of *Draper v. Short*, 2 *Harr.* 152.

We will now consider the sufficiency of the several pleas.

The first plea of the defendant is *"nil debet."*

As to this plea, it has been uniformly *held* at common law, that in an action of debt on a specialty, when the specialty is but inducement to the action, and matter of fact the foundation of it, there *nil debet* is a good plea, as in debt for rent by indenture, and when the debt is the foundation, and the fact but inducement, there *nil debet* is no plea, as in debt for a penalty on articles of agreement. 1 *Tidd Pr.* 649, 1 *Chitty Pl.* 424, *Warren v. Consett*, 2 *Ld. Raym.* 1500, 2 *Str.* 778, *S. C.*, 1 *Barnard K. B.* 15, *S. C.*, 8 *Mod.* 106, 323, 382, *S. C.* It therefore follows that in the case at bar *nil debet* is not a proper plea. We might also add that the single fact that the action is against the surety on the bond is sufficient reason why *nil debet* cannot be properly pleaded. *Allen v. Smith*, 12 *N. J. L.* 159. When, however, *nil debet* is pleaded in such case as the present, the impropriety of the plea should be raised by demurrer. The plea is not a nullity. It is adapted to the nature of the action and goes to the substance of it. If the plaintiff takes issue upon it, the defendant may prove any special matter of defense under it, which he might prove under the same plea in debt on simple contract. To avoid the plea in an action founded on a bond, the plaintiff must demur, and rely upon the conclusion of law, that the defendant is estopped by his deed from saying that he is not indebted. 1 *Gould Pl.*, 5 *Ed.*, 287; 1 *Ch. Pl.* 452; *Rawlins v. Danvers*, 5 *Esp.* 38; *Eakle v. Oliver*, 5 *Blackf.* (*Ind.*) 3.

The motion to strike out the plea of nil debet will be denied.

With respect to the five remaining pleas, their foundations are based upon matter not set out in the declaration, but upon matter contained in the collateral conditions in the bond sued on.

It is obligatory on the party who would take advantage of any covenant in a deed not disclosed by the

declaration to set it out in his pleading. *Easton v. Jones,* 1 *Harr.* 433, note. Because of the failure of the defendant to crave oyer no part of the obligation which was sued on can be noticed by the Court, but that part declared on. *Bender v. Fromberger,* 4 *Dall.* (Pa.) 436, 1 *L. Ed.* 898; *United States v. Arthur,* 5 *Cranch* 257, 3 *L. Ed.* 94. In *City of New Castle v. Toman,* 4 *Boyce* (27 *Del.*) 242, 88 *A.* 65, it would seem that a plea of performance was entered to a declaration for a penalty where the breaches had not been assigned in the declaration. Neither the report nor the original papers indicated that oyer had been craved or granted. The present question, however, as to the propriety of a plea before oyer seems not to have been raised or considered, and in the authorities cited by the Court oyer had been had before performance was pleaded.

Nothing is contained in any of the five remaining pleas which is a sufficient answer to bar or defeat recovery where the plaintiff, as in this case, merely declares for the penalty in an action of debt on a bond with a collateral condition, consequently the said pleas are a nullity and will be stricken out.