210 A.2d 603.

STEVEN NAGY vs. LUMBERMENS MUTUAL CASUALTY COMPANY.

JUNE 3, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is an action of assumpsit brought by the plaintiff on an insurance policy issued by the defendant and described as a "family automobile policy." It is here on the plaintiff's exception to a decision of a justice of the superior court sustaining the defendant's demurrer to the plaintiff's declaration.

The declaration alleges that defendant upon payment therefor issued a policy to plaintiff which included an undertaking "to pay $500. in medical payments for each person injured while riding in plaintiff's automobile * * *." It is further alleged that during the term of the policy plaintiff's wife was injured while riding in his automobile and that defendant has refused to pay him the obligations he incurred for the medical treatment and care rendered her because of that injury.

The issue before us being the legal sufficiency of the declaration, we are limited in our consideration to those factual allegations which appear in the pleading tested, *Dawiski* v. *Natick Mills*, 32 R. I. 1, and we necessarily refrain from considering a document referred to but not incorporated or set forth therein. *Morrissey* v. *Providence & Worcester R.R.*, 15 R. I. 271. Here neither the policy which forms the basis of the suit nor the specific provision thereof upon which plaintiff bases his claim, other than as already quoted, is included in or annexed to the declaration or otherwise appears in the pleadings.

The plaintiff, however, notwithstanding that the practice has long since, both here and elsewhere, fallen into disuse, made profert in his declaration of the policy, apparently intending thereby to obviate the necessity of including therein directly or incorporating as an exhibit either the policy itself or such clauses as might have pertinence. Profert, however, without a demand of oyer by the defendant, that is, a demand to hear the policy read, and there is no such demand here, is of no avail to plaintiff. It does not

serve to make the policy a part of the record and cannot be noticed by the court. *Riley* v. *Yost,* 58 W. Va. 213; *Holland Land Co.* v. *Maryland Casualty Co.,* 40 Del. 298; *United States* v. *Arthur,* 9 U. S. 257. Moreover, on demurrer, notwithstanding the profert, we cannot look to the policy or its provisions as a foundation for the action other than as they may specifically be set forth in the declaration. *Powell* v. *Barnard,* 20 Tenn. App. 31. In short, since defendant did not crave oyer, no part of the policy sued on and not disclosed by the declaration may be considered by the court.

The recital in the brief of each of the parties of what apparently is the specific clause of the policy upon which plaintiff bases his claim is of no assistance to him. This is so, not because of any insistence on our part on technical rules of pleading, but for the reason among others that we have no means of ascertaining whether the trial justice had before her what the parties now agree in their briefs is the relevant policy provision.

Testing the declaration then by what appears on its face, as we must, the allegation is that defendant "agreed to pay $500. in medical payments for each person injured while riding in plaintiff's automobile * * *." It was plaintiff's wife, and not he, who was injured and in the absence of any allegation as to some provision of the policy obligating defendant to reimburse him as the person legally responsible for the payment due because of the medical care and treatment performed for his injured spouse, and there is no such allegation, the declaration is not legally sufficient.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Francis V. Reynolds, Leonard A. Kiernan, Jr.,* for defendant.