**219 A.2d 396.**

STEVEN NAGY *vs.* LUMBERMENS MUTUAL CASUALTY COMPANY.

MAY 13, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

JOSLIN, J. This action of assumpsit brought by the plaintiff on a family automobile policy issued by the defendant is before us for the second time. When the case was first here we overruled the plaintiff's exception to a decision of a justice of the superior court sustaining the defendant's demurrer to the declaration. *Nagy* v. *Lumbermens Mutual Casualty Co.*, 100 R. I. 1, 210 A.2d 603. We rested our conclusion on the technical ground that the plaintiff had not included within his declaration the policy provision upon which his claim was predicated. After our opinion in that case the superior court permitted the plaintiff to plead over and he cured the earlier defect by setting out in his amended declaration those terms of the policy upon which his claim is premised. Thereafter a justice of the superior court sustained a demurrer to the declaration so amended. The case is now here on the plaintiff's exception to that decision.

In his amended declaration plaintiff, the named insured, seeks to recover for expenses he alleges he incurred for medi-

cal services rendered to his wife in order to effect a cure of the bodily injuries she sustained as the result of an accident while an occupant of his automobile. By demurring to that declaration defendant admitted the truth of those allegations, *Reek* v. *Lutz,* 90 R. I. 340, *Eaton Realty Co.* v. *Petroleum Heat & Power Co.,* 77 R. I. 345, *Richard* v. *Industrial Trust Co.,* 85 R. I. 292, and, in sustaining, the trial justice found in substance that plaintiff is not entitled to recover under the policy for obligations incurred on behalf of another. We reverse and hold that in the circumstances of this case an insurer is responsible to a named insured for the reasonable medical expenses incurred on behalf of his wife.

The foundation for plaintiff's suit is the medical payments or expenses under the medical-services clause of the automobile liability policy issued to him by defendant. That kind of coverage is frequently included in today's automobile liability policy. Typically under the terms of such a clause the insurer assumes responsibility up to a stipulated amount for the reasonable expenses of providing the medical services rendered to or for the insured or a member of his household who sustains bodily injury as the result of an automobile accident or by reason of being struck by an automobile. 8 Appleman, Insurance Law & Practice §4896, p. 349. Although the medical-payments coverage is included in the same policy as are the provisions insuring against liability for bodily injury and property damage, recovery is not dependent on the negligence of the insured and the medical-payments clause is in the nature of a separate and distinct third-party beneficiary health insurance contract for which the insurer charges a separable portion of the gross premium. *Severson* v. *Milwaukee Automobile Ins. Co.,* 265 Wis. 488; *Sims* v. *National Casualty Co.,* La. App., 43 So.2d 26; *Johnson* v. *New Jersey Mfrs. Indemnity Ins. Co.,* 69 N. J. Super. 184; *Distefano* v. *Delta Fire & Casualty Co.,* La. App., 98 So.2d 310. On these

settled principles the parties are in agreement. They disagree, however, on whether the policy sued on, properly construed, permits recovery by the named insured for obligations incurred by him to pay for the reasonable expenses of the medical services rendered to his wife.

To resolve their disagreement we apply well-established rules of construction. We examine the entire policy and giving to the words their plain, ordinary and usual meanings, *Wolf* v. *Prudential Ins. Co. of America*, 62 R. I. 270, *Princess Ring Co.* v. *Home Insurance Co.*, 52 R. I. 481, we seek to ascertain the intent of the parties and if we find it we give it effect if practicable. *Crook* v. *Kalamazoo Sales & Service Inc.*, 82 R. I. 387; *Brady* v. *Norwich Union Fire Ins. Soc'y*, 47 R. I. 416; *Capuano* v. *Boghosian*, 54 R. I. 489.

The pertinent insuring agreement[1] obligates defendant "To pay all reasonable expenses incurred" for medical or other related services rendered "To or for the named insured and each relative * * *." Elsewhere in the policy "relative" is defined as a related person who lives with the insured in his household.

There is, in our judgment, no uncertainty in the meaning of the insurer's undertaking or of the word "incurred." The undertaking emphasizes and cannot be divorced from the idea of liability. The word "incurred" means to become liable for and it connotes an assumption of an obligation to pay. *Flanagan* v. *Baltimore & Ohio R.R.*, 83 Iowa 639; *Bartlett* v. *Vanover*, 260 Ky. 839. On the basis of this

---

[1]*"To pay all reasonable expenses incurred* within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. *To or for the named insured and each relative who sustains bodily injury,* sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile * * *."
(italics ours)

identification of the word "incurred" with the concept of "liability" the court in *Gordon* v. *Fidelity & Casualty Co.*, 238 S. C. 438, held that a career soldier entitled to free care in an army hospital who sustained injuries while driving an insured motor scooter did not incur expenses and could not within the ambit of the medical-payments provision of his liability insurance policy "covering a motor scooter" recover for the reasonably estimated cost of his hospitalization and medical treatment. *United States* v. *St. Paul Mercury Indemnity Co.* (8 Cir.), 238 F.2d 594; *Drearr* v. *Connecticut General Life Ins. Co.*, La. App., 119 So.2d 149. The rationale of the cases as well as the plain meaning of the word "incurred" make it clear that an objective in the medical-payments provision is to provide relief from the obligation to pay for the medical services.

Moreover, the purpose to pay for the expenses incurred is unrelated to whether the person who sustains the liability suffers the bodily injury. The insurer who wrote and selected the language and phraseology of what significantly it calls a "Family Automobile Policy" could have made its intention abundantly evident by limiting its obligation to reimburse for those expenses incurred *by* the beneficiary sustaining the injuries. Instead it undertook in the insuring agreement to pay for the expenses incurred for medical services "To or for" the persons injured and it limited its liability[2] to the "expenses incurred by or on behalf of each person who sustains bodily injury * * *." The use of the words "To or for" and "by or on behalf of" in the particular contexts in which they are found makes it clear that the concern is not with who sustains the bodily injuries but

---

[2]The paragraph "Limit of Liability" under "Coverage C—Medical Payments" reads as follows:

"The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for *all expenses incurred by or on behalf* of each person who sustains bodily injury as the result of any one accident." (italics ours)

with who incurs or is responsible for the expenses for the medical services.

An additional reason for that conclusion is found in the illustrative and descriptive matter which appears on the page of the policy preceding that on which the medical-payments insuring provision is set out. There defendant in what in effect is a capsulized version of its undertaking under the medical-payments provisions says that coverage is afforded for "Claims *by* you or your family" if injured "in your own car" or "in another car" or "as pedestrians" and in accompanying homely graphic illustrations it attempts to portray to the insured typical situations under which recovery for medical expenses incurred may be had. One depicts a child being struck by an automobile. In that illustration we find a clear manifestation of the insurer's intent to include the parent of that child as a beneficiary under the contract. If this were not so there could be no recovery under the policy for the child would "incur" no expenses and the parent would suffer no injury.

There are, of course, the policy provisions[3] which require the injured person to submit a proof of claim and to permit the insurer to "pay the injured person or any person or organization rendering the services" in reduction and satisfaction of its liability. Admittedly if those provisions stood alone, they would make the policy reasonably suscep-

---

[3]Section 7 of the Conditions of the policy reads as follows:

"As soon as practicable the injured person or someone on his behalf shall give to the company written proof of claim, under oath if required, and shall, after each request from the company, execute authorization to enable the company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require.

"The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the company."

tible to a construction which would limit the coverage under the medical-payments clauses to expenses incurred *by* and not *for* an injured person. They do not, however, stand alone and they must be read as a part of an entire insurance contract. So viewed they obviously conflict and are inconsistent with the insuring agreement and the limitation of liability provision already discussed. We have then a policy which admits to two reasonable constructions. In these circumstances our rule of construction requires that we charge the fault to the insurer who selected the language and that we accept the interpretation which favors the beneficiaries. *Sherman* v. *New York Casualty Co.*, 78 R. I. 393; *Bennett Chevrolet Co.* v. *Bankers & Shippers Ins. Co.*, 58 R. I. 16; *Knowles* v. *Lumbermens Mutual Casualty Co.*, 69 R. I. 309.

While not directly in point because the issue of standing to sue for medical payments was not urged, or if pressed was not considered of sufficient merit to warrant discussion, the following cases are not without significance. In each of them under medical-payments provisions substantially similar to those in the present case a husband or parent recovered for the medical or hospital treatment received by his wife or children. *Johnson* v. *New Jersey Mfrs. Indemnity Ins. Co.*, *supra* (by a mother for the medical expenses incurred on behalf of her daughter); *Hale* v. *Allstate Insurance Co.*, Tex. Civ. App., 345 S.W.2d 346 (by a father for the expenses of medical treatment for his wife and children); *Kansas City Fire & Marine Ins. Co.* v. *Epperson*, 234 Ark. 1100 (by a father for the medical treatment for his daughter); *Minsky* v. *Hardware Mutual Casualty Co.*, Tex. Civ. App., 358 S.W.2d 664 (by a husband for expenses incurred for nursing and hospital services for his wife).

The plaintiff's exception to the decision of the trial justice sustaining the defendant's demurrer to the amended

declaration is sustained, and the case is remitted to the superior court for further proceedings.

*Fergus J. McOsker,* for plaintiff.

*Francis V. Reynolds, Leonard A. Kiernan, Jr.,* for defendant.