## Richmond

LIBERTY MUTUAL INSURANCE COMPANY

V.

SAFECO INSURANCE COMPANY OF AMERICA

March 12, 1982.

Record No. 791126.

Present: Carrico, C.J., Cochran, Compton, Thompson and Stephenson, JJ., and
Harrison, Retired Justice.

*Robert L. Ellis (Siciliano, Ellis, Sheridan & Dyer,* on brief), for appellant.

*Terrence Ney (Robert W. Wooldridge, Jr.; Boothe, Prichard & Dudley,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this automobile insurance case, we consider whether an insured breached a policy condition by failing to give timely notice of accident to the insurer and, if so, whether the insurer subsequently gave timely statutory notice to the claimant of its intention to rely on such breach in defense of any claim made under the policy.

On January 27, 1977 in Fairfax County, a parked trash truck protruding into the travel lane of a highway was struck by an automobile operated by James W. Hilton in which Charlene Hilton and William Hilton were passengers. Two of the Hiltons were injured and there was "considerable" damage to the automobile.

Appellee Safeco Insurance Company of America had issued a policy of motor vehicle liability insurance on the truck, owned by Joe R. Blakeney, under the Virginia Automobile Assigned Risk Plan. See Code § 38.1-264. Appellant Liberty Mutual Insurance Company had issued to James W. Hilton a policy of automobile liability insurance with uninsured motorist coverage.

After the Hiltons had each filed suit against Blakeney seeking recovery for injuries and damages as a result of the collision, Safeco filed in February of 1978 the present proceeding, a bill for declaratory judgment, naming the Hiltons, Blakeney, and Liberty Mutual parties defendant. Safeco alleged, *inter alia,* that Blakeney had breached a condition of the Safeco policy by failing to notify it of the occurrence of the accident. Safeco further alleged that it had denied coverage to Blakeney for claims arising from the accident and that he was thus an uninsured motorist under Virginia law. Asserting an actual controversy exists between the parties as to the duties of the respective insurers to defend and pay any judgment rendered against Blakeney, Safeco requested the trial court to declare Blakeney an uninsured motorist and to decree Safeco is not obligated to provide a defense or to respond to any claim or judgment against Blakeney arising out of the accident.

Liberty Mutual, asking that the bill be dismissed, took the position that Blakeney had not breached the policy condition. Even if Blakeney had breached the insurance agreement, Liberty Mutual argued, Safeco had waived such defense by failing to give a 20-day notice to the claimants of its intention to rely on the breach, as required by Code § 38.1-389.1, *infra.*

The Hiltons appeared in the proceeding by their attorney, Bernard S. Gild. Blakeney, though served with process, did not file

responsive pleadings or otherwise appear. After hearing the evidence without a jury, the trial court found in favor of Safeco, without assigning specific reasons, in a May 1979 final decree, from which we awarded Liberty Mutual this appeal.

The chronology is important. And in accord with settled appellate procedure, we will view the facts in the light most favorable to Safeco, the prevailing party below.

On January 27, upon arrival at the scene of the accident, the police investigator found Blakeney there. According to the officer's testimony, Blakeney observed the Hiltons' "severe head lacerations" and the damage to the automobile. The investigator charged Blakeney with a traffic offense and advised him that he should file a state accident report within ten days. Blakeney failed to appear at the traffic hearing, and there is no evidence he filed an accident report with the Division of Motor Vehicles.

Seven weeks later, attorney Gild, on behalf of the Hiltons, wrote John F. Johnson, an insurance agent who was a partner in the National Insurance Agency located in Alexandria. Gild, referring to an earlier telephone conversation of unspecified date, wrote that the letter was to "confirm" that Johnson's agency "has been handling the insurance for Joe R. Blakeney." The letter further stated that the Hiltons "were injured by your insured," asked "acknowledgement of [Gild's] representation and information as to the status of coverage," and indicated a copy of the Hiltons' accident report was enclosed. A copy of the letter was sent to Liberty Mutual.

Johnson was an "independent" agent licensed to represent three insurers; he was not licensed as an agent for Safeco. The majority of Johnson's business was written through the Assigned Risk Plan. He testified that when he placed an individual with the Plan and the person was assigned to Safeco, then he became the "producer," not an agent, and was unable to "commit the company to any coverage whatsoever."

Blakeney had been an assigned risk customer of Johnson's agency for a number of years. In 1976, another accident involving the trash truck had been reported to Johnson by someone on Blakeney's behalf and not by Blakeney individually.

Two days after Gild's March 17 letter was written, Johnson received it, but the accident report was not enclosed. On the same day, Johnson completed a pre-printed agency form dated March 19 and sent it to Safeco. The form advised "that our insured was

involved in an automobile accident." It furnished the name of the "policyholder," the insurer's name, the policy number, and the effective dates of the policy. The space for "accident date" was marked "unknown." Johnson signed the form, after noting Gild's letter was "attached" and that no accident report was enclosed with the letter.

During the trial, Safeco stipulated it received notice of the accident by virtue of Johnson's form on March 19. On April 29, Johnson mailed a copy of the Hiltons' state accident report to Safeco; the copy had been received by Johnson that same day.

On May 18, a Safeco claims adjuster in the Alexandria office "set [a] file up" on the accident based on information received in the mail from a Safeco office in New Jersey. Apparently, the Hilton accident report had been sent to the New Jersey office where verification of insurance coverage was handled on Safeco's assigned risks. Under company procedure, according to the evidence, once the New Jersey office determined that there was a Safeco policy covering the person against whom a claim had been made, that office notified the local Safeco claims office in the area of the accident, and a claim "actually came into existence" from the insurer's standpoint.

On May 18, the Alexandria adjuster tried unsuccessfully to contact Blakeney. He also telephoned Johnson who reported that Blakeney had not reported the accident to him. In addition, the adjuster called Gild on May 18, advising that Safeco "may or may not insure Mr. Blakeney." Gild was further notified by the adjuster that Safeco had been unable to communicate with Blakeney about the prior accident claim. Gild was told that if Safeco "continued to experience problems in not being able to communicate with Mr. Blakeney, and were not able to reach him, then there would be a coverage problem as far as his policy was concerned."

On June 16, the adjuster wrote Gild "to confirm in writing," the telephone advice of May 18. The adjuster also wrote that Safeco was still unable to locate Blakeney and stated, "As we discussed, if we are unable to contact our insured, then there definitely exists a coverage problem which could result in a full denial of coverage to our insured."

On the same day the adjuster wrote identical, certified letters directed to Blakeney at four separate addresses in the Alexandria-District of Columbia area. These addresses had been obtained

from Safeco's current and past insurance records on Blakeney. The letters reviewed Safeco's efforts to locate Blakeney, asked him to contact Safeco at once, called attention to the policy condition relating to notice of accident and the effect on insurance coverage of a breach of the condition, advised Blakeney that Safeco would continue to investigate and defend any claims arising from the accident, and notified him it would reserve all its policy rights without waiving such rights. None of the letters was received by Blakeney and they were mailed again in July, at which time a copy of the letter was sent to Gild.

Blakeney never notified Safeco of the accident nor did he ever initiate any contact with the company. He was finally found in October of 1977 in Alexandria by an independent investigator employed by Safeco.

Under the heading "Conditions," Safeco's policy provided:

"In the event of an **occurrence,** written notice containing particulars sufficient to identify the **insured** and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the **insured** to the company or any of its authorized agents as soon as practicable."

Construing a similar policy provision, we held in *State Farm* v. *Porter,* 221 Va. 592, 272 S.E.2d 196 (1980), that the giving of notice of accident is a condition precedent to coverage under the contract of insurance and requires "substantial compliance by the insured." 221 Va. at 599, 272 S.E.2d at 200. *Accord, Erie Ins. Exch.* v. *Meeks,* 223 Va. 287, 288 S.E.2d 454 (1982), decided today. We also said in *Porter* that generally "the question whether notice of an accident has been given to the insurer 'as soon as practicable' is one for the fact-finder to determine," and that the insurer does not have to establish it was prejudiced in the defense of the action by violation of the notice provision. 221 Va. at 597-98, 272 S.E.2d at 199.

On appeal, Liberty Mutual argues that "Johnson, as an insurance broker for Blakeney, was Blakeney's agent and was acting in such capacity when he notified Safeco of the accident in March, 1977" and that Johnson could be "construed as the agent for Safeco for some purposes." Liberty Mutual asserts that the

evidence clearly establishes that "notice of the accident was given by *or for* Blakeney to Safeco within a reasonable period." We disagree.

The attempt by Liberty Mutual to link Johnson to either Blakeney or Safeco as an agent for the purpose of notification of the accident presents a moot issue. Safeco has stipulated that it received notice of the accident on March 19; that is the date Johnson received Gild's March 17 letter. So we need not decide whether Johnson received the letter as agent for his insured or as agent for the company, or whether Johnson was the agent for no one.

■ The question thus becomes whether a sufficiently particularized written notice was given to Safeco "as soon as practicable," within the meaning of the policy condition. Actually, the issue is whether the trial court's implicit holding that the notice was untimely is supported by credible evidence. We think it is.

It will be remembered that Blakeney individually failed to furnish any notice whatever of the accident. But in view of Safeco's stipulation, we assume it believes that notice by an attorney for claimants to an independent agent who produces an assigned risk policy is notice "for the insured to the company." Without endorsing that rather unusual position, in light of the facts, we will address only the timeliness of the notice. We will even assume in this branch of the case, without deciding, that such notice was sufficiently particular in detail to comply with the policy provision.

There was a 51-day delay between the date of the accident and the date of notice. There is no evidence to indicate Blakeney was prevented by reason of health, or other circumstance, from personally notifying Safeco seasonably, or from having someone notify the company for him promptly. He was not injured in the accident. At the scene, Blakeney had full knowledge that personal injuries and property damage resulted from his conduct. He should have been further impressed by the gravity of the situation when he was issued a traffic summons, charged with a criminal violation, and ordered by the police to file an official accident report. And yet, written notification was not given for at least 51 days. Under these circumstances, such delayed notice, without any justification whatever, constitutes a breach of the policy condition in question.

■ Liberty Mutual argues in the alternative that, even if the policy condition was breached, Safeco nevertheless waived the

breach because it did not comply with Code § 38.1-389.1. As pertinent here, the statute provides:

"Whenever any insurer on a policy of liability insurance discovers a breach of the terms or conditions of the insurance contract by the insured and such insurer intends to rely on such breach in defense of liability for any claim within the terms of such policy, such insurer shall notify the claimant or the claimant's counsel of record of its intention to rely on such defense within twenty days after discovery by the insurer or any of its agents of the breach or of the claim, whichever is later. . . . Failure to serve such notice within such time will result in a waiver of such defense to the extent of such claim by operation of law."

The obvious purpose of the statute is to require a liability insurer that intends to rely on a breach of the terms and conditions of the policy contract, in defense of any claim under the policy, to furnish prompt notice of such intention to the claimant or his attorney so that steps may be taken by the claimant, a stranger to the insurance contract, to protect his rights. *See Federal Insurance Co.* v. *Nationwide Mutual Insurance Co.,* 448 F. Supp. 723, 725-26 (W.D. Va. 1978). The duty to notify is triggered upon "discovery by the insurer or any of its agents of the breach or of the claim, whichever is later." But the pertinent inquiry here, framed by the parties' contentions, is: When did Safeco discover the breach?

Liberty Mutual takes the position that the date of the claim was January 27, the date of the accident, and that the breach of condition was discovered on March 19, the date Safeco received notice of the accident. Thus, Liberty Mutual urges, the 20-day statutory period began to run on March 19 and had expired by May 18 when the adjuster advised Gild of the "problems" with Blakeney's coverage. Liberty Mutual also argues that even if the time period commenced on May 18, the telephone notice on that day to Gild was insufficient, as was the subsequent June 16 written notice, because both merely said a coverage problem might exist *"if"* Safeco was unable to reach Blakeney and such failure *"could* result in a denial of coverage."

Safeco argues the trial court implicitly, and correctly, found that May 18 was the operative date. Safeco asserts that it "discov-

ered" the breach then and that the notification to Gild on that day, as confirmed in the June 16 letter, substantially complied with the statute. We agree.

In this context, "discovery" of a breach entails, first, awareness by the insurer of facts tending to show there has been a violation of the policy provisions and, second, evaluation of those known facts culminating in a decision that a breach apparently has occurred. In the present case, on March 19 Safeco was made aware of an accident that apparently involved one of its policyholders. The date of the alleged accident and details of the occurrence were unknown. Next, Safeco may have received some additional information about the accident when the Hiltons' accident report was forwarded by Johnson on April 29, although the report is silent about the specific facts noted in the report. Manifestly, with that meager information Safeco was unable, on either March 19 or April 29, to make an intelligent decision whether to deny coverage. It is unreasonable to expect or suggest that an insurer should immediately deny coverage in every case when it learns of an accident from a source other than its insured.

On May 18 in Alexandria, Safeco was able to assemble in one place, for the first time, the bare details necessary for it to make an informed decision whether an apparent breach of the policy condition had occurred. On that day, coverage verification from the New Jersey office was received, notice from the insured was lacking, the Hiltons' accident report was in hand, Johnson advised the adjuster that Blakeney had not reported the accident to him, and Blakeney could not be located.

Thereupon, Safeco's adjuster made the judgment on May 18 that the company would probably have to rely on a breach of condition and deny coverage to Blakeney. And the claimants, through their attorney, were promptly notified by telephone of Safeco's intention to rely on the policy defense. We reject Liberty Mutual's suggestion that the iffy content of the notice was insufficient. Safeco could properly have concluded that had Blakeney been located and had he justified his failure to give notice, then the insurer may have afforded him coverage. Safeco should not be penalized for informing the claimants' attorney of the true but uncertain status of the coverage decision at that time.

In sum, we hold there is abundant evidence to sustain the trial court's implicit finding that the notice statute had been complied with and that Safeco had not waived its policy defense.

For these reasons, the judgment appealed from will be

*Affirmed.*