## Richmond

CRISTOFER E. LORD

V.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

October 15, 1982.

Record No. 800158.

Present: All the Justices.

*F. Guthrie Gordon, III (J. Lloyd Snook, III; Lowe and Gordon, Ltd.*, on brief), for appellant.
*John W. Zunka (Robert E. Taylor; Taylor, Brooks, Zunka & Murray*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this automobile insurance case, the sole question we decide is whether the trial court correctly ruled the insured failed to give the insurer notice of claim "as soon as practicable."

In three recent cases, construing notice provisions in the context of liability coverages, we held that performance of such provisions is a condition precedent to coverage under the insurance contract, "requiring substantial compliance by the insured." *State Farm* v. *Porter,* 221 Va. 592, 599, 272 S.E.2d 196, 200 (1980). *Accord, Liberty Mutual* v. *Safeco,* 223 Va. 317, 288 S.E.2d 469 (1982); *Erie Insurance Exchange* v. *Meeks,* 223 Va. 287, 288 S.E.2d 454 (1982). We also said that the question of timely notice is usually for the fact-finder to determine and that the insurer need not establish it was prejudiced by violation of the notice provision. 223 Va. at 323, 288 S.E.2d at 473; 221 Va. at 597-98, 272 S.E.2d at 199. Today, we consider whether the same notice principles should apply in the context of the medical payments coverage of such a policy.

Appellant Cristofer E. Lord, the plaintiff below, was a student and a library employee at the University of Virginia, and had been accepted for admission to law school. On August 26, 1978, at approximately 9:30 p.m., Lord was in the process of moving from one apartment to another in Charlottesville. His car, insured by appellee State Farm Mutual Automobile Insurance Company, the defendant below, was parked on a street near the premises he was vacating. He carried a large stack of books to his automobile. As he was resting the books against the side of his vehicle while reaching into his pocket for the car keys, Lord suddenly was attacked by an unknown assailant. A scuffle ensued and Lord was stabbed in the abdomen. As a result, he was hospitalized for about nine days, incurring bills totalling $4,331.83.

Because Lord was unaware his automobile insurance might cover the hospital expenses, notice of the incident was not immediately given to State Farm. He consulted counsel in February of 1979. The attorney furnished the insurer its first and only notice of the claim by a letter which State Farm received five months and 20 days after the event.

State Farm's "family automobile policy," insofar as pertinent here, provided:

"COVERAGE C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
"Division 1. To or for the named insured . . . who sustains bodily injury, sickness or disease, . . . hereinafter called 'bodily injury,' caused by accident,
"(a) while occupying the owned automobile,
* * *
" 'occupying' means in or upon or entering into or alighting from."

The notice provisions applicable to the medical payments coverage, as well as the liability coverages, read:

"3. Notice. In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the

names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

Upon the insurer's refusal to pay Lord's claim, this breach of contract suit was filed seeking recovery for the medical expenses. After considering the matter upon stipulated facts, the trial court decided in favor of State Farm. The court ruled the plaintiff failed to give the insurer timely notice as required by the policy, and that Lord was not "occupying" or in the process of "entering into" the vehicle within the meaning of the policy.

On appeal, the plaintiff has assigned error to the foregoing rulings; State Farm has assigned cross-error to the trial court's failure to decide that plaintiff's injuries were not "caused by accident," as required by the policy. Because of the view we take of the case, we will assume without deciding that an "accident" occurred and that Lord was "occupying" the vehicle at the time.

Upon the notice issue, Lord urges us to adopt different principles in the medical payment context from those established recently in the liability context. He says that because a medical payments claim is one ex contractu for "mere reimbursement" of medical and other expenses, prompt reporting to the insurer is not as important as when the insured is exposed to an ex delicto claim. In the latter situation, the plaintiff argues, prompt investigation by the insurer is necessary so that evidence can be collected in order to defend the insured against potential damage suits. But, the argument continues, the only question which ordinarily arises in a medical payment claim is the amount of the reimbursement that is due. Thus, Lord contends, in the medical payment context, a "reasonable man" notice standard should be adopted and the insurer should be required to show prejudice. We disagree. Lord misconceives the ramifications of medical payments coverage.

█ It is true that the insurer's undertaking, under the typical medical payments clause, is similar to a carrier's obligation in a personal accident policy and does not depend on the insured's negligence. *Moorman* v. *Insurance Company*, 207 Va. 244, 248, 148 S.E.2d 874, 877 (1966). Nonetheless, prompt notice to the insurer and the need for swift investigation of the claim is just as important in the medical payment context as in the liability context. The facts of this case furnish a perfect illustration of the need for prompt notification to the insurer of a claim for medical expenses.

Upon the happening of an incident apparently covered under a policy of automobile insurance, the insurer must investigate not only the merits of the claim but also whether there is coverage at all under the policy contract. In the medical payments context, such an investigation requires that data be collected not only about the reasonableness, necessity, and timing of the claimed expenses but also about whether an "accident" occurred and whether the claimant was "occupying" the insured vehicle at the time. The need to make accurate and informed judgments on these latter questions requires the insurer, for the insured's benefit as well as its own, to ascertain the relevant facts as promptly as possible before recollections fade and witnesses disappear. For example, in this case it was important to ascertain whether Lord was "entering into" the insured vehicle in order to decide whether he was "occupying" it, and thus covered for medical payments reimbursement. Such a decision depended on facts which, for example, showed his intention to enter the vehicle, his precise location with reference to the vehicle before the attack, and his exact location at the time of the injury. *See Casualty Company* v. *Bristow,* 207 Va. 381, 150 S.E.2d 125 (1966). The need to discover witnesses is always present when an insurer undertakes to evaluate a claim. As a matter of fact, there were at least four eyewitnesses to this incident; Lord's assailant and three accomplices were later identified.

A case cited by Lord on the occupancy issue illustrates the soundness of the conclusion that prompt notice of the accident is as important in a medical payments claim as in a liability claim. In *Goodwin* v. *Lumbermens Mut. Cas. Co.,* 199 Md. 121, 85 A.2d 759 (1952), four female claimants, who had been transported in the insured vehicle to the site of a Baltimore wedding, were walking back to the automobile that was parked on a city street. While standing in the street, one of the claimants opened the right front door with the key, leaned into the car and reached around to release the lock so the right rear door could be opened. A second claimant was standing behind the first, holding the right front door open. A third claimant had her hand on the right rear door to open it as soon as the lock was released. The fourth claimant was standing in the street behind the second claimant. With the women in those positions, another automobile struck the insured vehicle and swept along its side injuring all four claimants. There was conflict in the evidence, however, as to the exact position of the women and whether the door was open or closed at the time.

The factual disputes were resolved, in part, by statements made to the investigating police officer and by photographs which showed marks on the insured vehicle. Moreover, statements given by other eyewitnesses about ten days after the accident were relied on with the other facts to determine the critical questions whether the four women were "upon" the automobile, or whether they were "entering" it, and thus entitled to medical payments coverage.

Consequently, we perceive no significant difference in the need for prompt investigation of a medical payments claim vis-a-vis a liability claim. This is especially true when, as here, the insurance policy expressly provides that the notice clause applies with equal force to all coverages under the policy. Thus, we decline Lord's invitation to establish a less stringent requirement of notice in the medical payment context; we apply the principles set forth in *Porter, Safeco* and *Meeks.*

█ This brings us to the question whether Lord gave notice "as soon as practicable." He contends he had a "novel" claim, one which a layman unskilled in matters of insurance would not expect to be covered under an automobile policy. Thus, he argues, he should be excused for the tardy report. We disagree.

There was a 173-day delay between the date of the incident and the receipt of notice by State Farm. Lord was a well-educated person, and a prospective law student. He was hospitalized for only nine days. He was not prevented by his injury, or any other circumstance, from personally notifying State Farm seasonably, or from having someone notify the insurer on his behalf. He simply was ignorant of the policy provisions which, arguably, may have covered his medical expenses. Under these circumstances, the delayed notice, without sufficient justification, constitutes a breach of the notice conditions of the policy in question, and the trial court was correct in so holding.

Accordingly, the judgment appealed from will be

*Affirmed.*

RUSSELL, J., dissenting.

In my view, the insurance company's need for prompt notice of a medical expense claim is considerably less acute than its need for notice of a liability claim.

In a liability case, the insurer must often reconstruct, before the evidence disappears and the memories of witnesses fade, an evanescent scene on the highway in order to prepare a defense for the insured against tort claims as yet unknown. In these circumstances, prejudice to the insurer is inherent in any delay, and the insurer should not be required to show it where the claimant has been unreasonably dilatory in giving notice.

Although the medical expense provision appears in the same policy as the liability provision, it is a separate and distinct part of the policy. Unlike the liability coverage, which depends upon negligence, the medical expense coverage is based upon a simple contract between the insured and insurer. In *Moorman* v. *Insurance Company,* 207 Va. 244, 148 S.E.2d 874 (1966), we distinguished between the general liability provision and the medical payments provision in an automobile insurance policy. There we stated:

> Here, the engagement [of the insurer] to pay medical expenses, regardless of negligence on the part of the insured, is somewhat similar to a personal accident policy . . . for the benefit of an injured person, rather than for a person insured against liability. The injured person is placed in the position of a third party beneficiary, and as such, has in Virginia a statutory right to maintain an action on the contract in his own name. [Citation omitted.]

*Id.* at 248, 148 S.E.2d at 877.

Under the medical expense provision, the company's exposure does not depend upon the negligence of the insured, the issue of proximate cause, or the various defenses that may be asserted against third persons. The company, for an additional premium, has merely bound itself to pay the reasonable and necessary medical expenses of an insured who sustains bodily injury caused by accident while occupying a covered automobile, regardless of fault, causation, or defenses. If the claim is of the kind agreed upon, the company's exposure is fixed and final. *See Nagy* v. *Lumbermens' Mutual Casualty Company,* 100 R.I. 734, 219 A.2d 396 (1966), and *Cockrum* v. *Travelers Indemnity Company,* 420 S.W.2d 230 (Tex. Civ. App. 1967). In these circumstances, the insurer should be required to show that any delay in the receipt of notice was unreasonable before it may avoid payment of the claim solely upon that ground.

"The requirement to give notice of an accident 'as soon as practicable' means that the notice must be given within a reasonable time after the accident. To determine the reasonableness of a delay in giving the required notice, the facts and circumstances in each particular case must be considered." [Citations omitted.] *State Farm Mutual* v. *Douglas,* 207 Va. 265, 267, 148 S.E.2d 775, 777 (1966).

Although the insurer is entitled, as a condition precedent to coverage, to receive notice of a claim within a reasonable time after the accident, the standard of reasonableness varies with the circumstances. For the reasons given above, the standard applicable to medical payments insurance should be less stringent than that which applies to liability insurance. The General Assembly, in enacting Chapter 21.1 of Title 19.2 of the Code, which provides for the compensation of crime victims who have claims almost identical to the one before us, deemed six months to be a reasonable deadline for the presentation of claims, with a provision for an extension of time up to two years for good cause shown. Code § 19.2-368.5(B).

In this case the insurer received notice of the claim five months and twenty days after the assault on Lord. At that time the assailant, one Calvin Ray Davis, had been identified, along with his three companions, and was facing criminal charges arising out of the assault on Lord. These four individuals, in addition to Lord, were the only witnesses in the case. Davis was later sentenced to the pentientiary for this assault, as well as for another which he had committed a few minutes earlier against another citizen. All of this information was available at the court house. All of Lord's medical records were available at the University of Virginia Hospital. Thus the insurance company, when it received notice, had available to it all of the information which it would ever need or ever could have had, in order to evaluate the claim. I cannot agree with the majority's conclusion that "the facts of this case furnish a perfect illustration of the need for prompt notification to the insurer of a claim for medical expenses." They seem to me to demonstrate the contrary.

Where an insurer defends against a claim for medical payments on the ground that the insured failed to give it notice of the claim "as soon as practicable," the insurer should have the burden of showing by a preponderance of the evidence that the delay was unreasonable under the facts and circumstances of the case. In

determining the question of reasonableness, the trier of fact should consider, among the other circumstances, whether the delay, even if short, has actually resulted in prejudice to the insurer. Although the insurer is not required to show prejudice, such a showing, when made, should affect the court's determination as to whether the notice was given within a reasonable time. The stipulated evidence in the case before us shows, in my view, neither an unreasonable delay nor any possibility of prejudice to State Farm resulting from late notice of the claim.

From the record before us, I am of opinion that Lord was "entering" his car, which the policy equates with "occupying" it, *see Goodwin v. Lumbermens Mut. Cas. Co.,* 199 Md. 121, 85 A.2d 759 (1952); and that the casualty meets the definition of "accident" which we adopted in *Ocean Accident, etc. Corp. v. Glover,* 165 Va. 283, 182 S.E.2d 221 (1935). For these reasons, I would reverse and enter final judgment for Lord in the stipulated amount.

CARRICO, C.J., joins in dissent.