**CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH**

Government Employees Ins. Co.

v.

Jeannie T. Ward et al.

November 17, 1986

Case No. (Chancery) 10,909

By JUDGE ALAN E. ROSENBLATT

The facts in this case are not in dispute. The defendant, Christopher K. McAlister, was involved in a hit and run automobile accident on January 8, 1985. He did not notify the owner of the vehicle, defendant, William E. Tatem, until May, 1985, at which time Tatem notified the plaintiff, Geico. To date, McAlister has not given notice to Geico, although he testified that he knew which insurance company insured the vehicle and that he knew how to notify it of the accident.

The plaintiff has brought this Declaratory Judgment action and asks the Court to find that on account of McAlister's failure to report the accident, as required by the automobile insurance policy, it has no obligation to defend or indemnify the defendants.

The notice provisions of the insurance contract require that, "In the event of an accident. . . written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

In *Lord v. State Farm*, 224 Va. 283 (1982), the Virginia Supreme Court referred to three cases which construed notice provisions in the context of liability insurance policies. In those cases the court said, "that performance of such provisions is a condition precedent to coverage under the insurance contract, requiring substantial compliance by the insured." The Court also said that, "the question of timely notice is usually for the fact-finder to determine and that the insurer need not establish it was prejudiced by violation of the notice provisions."

In this case, McAlister has never given notice of the accident to Geico, although he was not prevented from doing so by any reason beyond his control. The fact is that he did not report the accident because he did not want to get caught. Even if notice given Tatem by McAlister was sufficient under the contract, that notice was not given for four months after the accident and Geico did not receive written notice of the January 8, 1985, accident until June 6, 1985.

McAlister's failure to notify Geico and his delay in notifying Tatem constituted a breach of the notice conditions of the insurance contract. As a result of that breach, he is not entitled to coverage with respect to this suit, and Geico has no obligation to defend the case or to indemnify the defendants.