## CIRCUIT COURT OF THE CITY OF RICHMOND

Stonewall Ins. Co.

v.

Michael Taylor et al.

July 8, 1988

Case No. LL-1976

By JUDGE T. J. MARKOW

This matter was tried without a jury on June 9, 1988. The sole issue taken under advisement by this court is whether or not Stonewall is obligated to extend coverage or to defend Taylor, its insured, in light of the fact that Taylor failed to notify Stonewall of an incident in the parking lot of Dee's Diamond Restaurant on July 3, 1986. That evening several people were injured by an automobile driven by the defendant, Taylor, on which Stonewall had issued an automobile liability insurance policy. The policy conditioned coverage upon the insured's providing Stonewall written notice of "an accident, occurrence or loss . . . as soon as practicable." The policy also obligated Taylor to forward all suit papers to Stonewall.

The issue raised by the defendants is whether or not the breach of this policy condition must have resulted in prejudice to Stonewall before it can be raised as a defense to coverage and the duty to defend.

The evidence at trial established that Taylor, the insured, had struck three people, had been issued a criminal citation and had done significant property damage to several cars parked in the lot. Moreover, Taylor testified that his Gold Torino had been damaged by bullets and that several civil law suits ensued from the July 3, 1986, altercation. Despite the seriousness of these losses, Stonewall did

not learn of any claims against Taylor until late March of 1987, more than nine months after the incident. This notice, however, was not provided by Taylor but by Paul Strachura, a claims representative for Crum and Forster Insurance Company. Taylor never contacted Stonewall. By the time Stonewall was informed of the loss, the criminal investigation was completed and civil suits had been filed on behalf of two of the injured bystanders. Stonewall's representative at trial testified that Stonewall's investigation of the incident was dependent on investigations conducted by others; namely, Crum and Forster, which shared its findings with Stonewall as to the facts surrounding the losses.

Defendants attempted to establish the fact that Taylor was unsophisticated and that Stonewall had not been prejudiced by the nine-month lapse between the incident and notification. At the close of the evidence, Stonewall moved the court to declare that because Taylor failed to give notice of the incident and because it did not receive notice until March 26, 1987, some nine months after the incident, that, as a matter of law, Taylor failed to give notice of the incident to Stonewall "as soon as practicable" as required by condition 3 of the Stonewall policy.

Having considered this issue and issues raised by the defendants, it is the court's opinion that Taylor's failure to give notice was the breach of a condition precedent as it fell woefully short of the "substantial compliance" required by the law. Moreover, it was not Stonewall's burden to demonstrate that it was prejudiced by insured's failure to give notice of claim under the policy.

A failure to give notice as soon as practicable under the terms of a policy need not be accompanied by prejudice to allow the insurer to avoid coverage. It is regarded as a condition precedent to coverage. *Dairyland Ins. Co. v. Hughes*, 317 F. Supp. 928 (W.D. Va. 1970). *Liberty Mutual Insurance Co. v. Safeco Insurance Company of America*, 223 Va. 317, 288 S.E.2d 469 (1982); *State Farm Mutual Auto Ins. Co. v. Sloan*, 150 Ga. App. 464, 258 S.E.2d 146 (1979); *Lumbermens Mutual Cas. Co. v. Harleysville Mut. Cas. Co.*, 287 F. Supp. 932, 939 (W.D. Va. 1968), *aff'd* 406 F.2d 836 (4th Cir. 1969).

In *Erie Ins. Exch. v. Meeks*, 223 Va. 287, 288 S.E.2d 454, (1982), the court held that an insured (or the injured party, when such party seeks to recover under the policy) has the burden of establishing a *prima facie* case of compliance with the notice requirement, and once that burden has been met, the insurer bears the burden of persuasion. *Erie Insurance, Id.*, and *State Farm v. Porter*, 221 Va. 592, 272 S.E.2d 196 (1980), make clear the 1966 statutory amendment, now repealed, which required an insurer to prove prejudice before it had a right to deny coverage because of insured's failure or refusal to cooperate was intended to apply only to the cooperation clause of liability policies. This is to be distinguished from the notice of claim and forwarding of suit papers requisites which are considered as conditions precedent to coverage under the policy, requiring substantial compliance by insured. Prejudice to the company is not an issue.

The real question in this case is not whether Stonewall was prejudiced by Taylor's delay; rather, it is whether or not Taylor's actions, under all the circumstances, constituted substantial compliance.

The court finds that Taylor's failure to notify Stonewall constituted complete noncompliance that cannot be excused by the mere fact that Mr. Taylor is unsophisticated. One has only to review several Virginia Supreme Court precedents to conclude that Taylor's failure to notify Stonewall was not substantial compliance with the requirement that he give written notice "as soon as practicable," which is defined in *North River Ins. Co. of New York v. Gourdine*, 205 Va. 57, 135 S.E.2d 120 (1964), as compliance "within a reasonable time considering all of the circumstances."

In *Liberty Mutual Ins. v. Safeco Ins.*, 223 Va. at 327, 288 S.E.2d at 474, the Virginia Supreme Court upheld the trial court's ruling in a declaratory judgment action that Safeco did not have to provide coverage to its insured because of late notice. There, the delay between the accident and notice to the insurer was only 51 days. Safeco's insured, like Taylor, did not require hospitalization as a result of the accident, and, therefore, he had no excuse for not giving notice. The similarities between that case and the one at bar also included knowledge of the insured of personal injuries and property damage,

as well as subsequent criminal charges against the insured, all indicators that the insured knew that an "accident, occurrence or loss" had happened.

This rule of law was extended to a first party, medical payments claim in *Lord v. State Farm*, 224 Va. 283, 288, 295 S.E.2d 796, 798-99 (1982). There the insured made a med pay claim as soon as he obtained legal representation, about five months following an assault on him as he was getting into his car. Although he claimed his delay was reasonable because of his novel claim, the Supreme Court of Virginia ruled that his 173-day delay in giving notice barred coverage and recovery.

Similar results have been reached in other cases. *State Farm v. Porter*, 221 Va. 592, 272 S.E.2d 196 (1980) (carrier's knowledge of loss upon receiving suit papers seven and one-half months after accident was grounds for denying coverage where insured willfully failed to provide notice); *Hunter v. Hollingsworth*, 165 Va. 583, 183 S.E. 508 (1936) (denial of coverage upheld where insured delayed giving notice for fifty-two days because he believed that accident was trivial and because he did not believe his friend would file suit); *Yanago v. Aetna Life Ins. Co.*, 164 Va. 258, 178 S.E. 904 (1935) (upon remanding, court stated that insured's delay to give notice for fifty-eight days would be late as a matter of law).

Taylor's failure to give notice to Stonewall is a breach of a condition precedent to Stonewall's duty to provide coverage. Although Stonewall learned of the losses from another carrier, this notice not only was more than nine months after the accident, thereby frustrating Stonewall's ability to properly investigate the losses, but it was not given by or for Taylor, the insured. Taylor failed even to marginally comply with the policy's notice provision and, therefore, as a matter of law, Stonewall has no duty to extend coverage to him for the losses he inflicted on July 3, 1986.

The court is mindful of the fact that failure to give an insurance company timely notice of a loss or occurrence will be excused if there are extenuating circumstances and there has not been a lack of due diligence on the part of the insured. *Campbell v. Continental Casualty Co.*, 170 F.2d 669, 673 (8th Cir. 1948). However, again, Taylor has failed to prove the existence of some extraordi-

nary extenuating circumstance. The only cases the court is aware of that raise the issue of "unsophistication" as a circumstance excusing a failure to notify are *Rensi v. Langston*, 499 F. Supp. 720 (W.D. Pa. 1980), and *Nationwide Mut. Ins. Co. v. Shannon*, 701 S.W.2d 615, 620 (Tenn. App. 1985). *Rensi* permitted the issue of an 18-year-old's sophistication to go to a jury; the *Shannon* case indicated that lack of sophistication is not available as an excuse as a matter of law. The Virginia Supreme Court in the *Lord* case, 224 Va. 283, 288 S.E.2d 295 (1982), held that the fact that the insured was simply ignorant of the policy provisions and that his claim was one which a layman unskilled in matters of insurance would not expect to be covered does not excuse late notice. Ignorance or misinterpretation of policy terms will not suffice to excuse a failure to timely notify if an insured had an opportunity to read the policy. *Liberty Mut. Ins. Co. v. Bob Roberts Co.*, 357 So. 2d 968, 971 (Ala. 1978); *Atlanta Int'l Properties Inc. v. Georgia Underwriting Ass'n*, 149 Ga. App. 701, 256 S.E.2d 472, 473 (1979); *Dan River, Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 317 S.E.2d 485 (1984). In Windt on Insurance Claims and Disputes, the author comments:

> Clearly, however, in order to be excused from giving timely notice, the insured should be required to prove the existence of some extraordinary extenuating circumstance. The insured should not be allowed to avoid the consequences of a breach of contract solely on the ground of being unsophisticated. Such a rule of law would render the notice requirement all but nugatory, even in those in which the insurer may have been demonstrably prejudiced by the tardy notice.

A. Windt, *Insurance Claims and Disputes* § 1.02, p. 7 (2d ed.).

In Virginia, an insured's unexcused failure to give timely notice may result in a loss of benefits. Although there is a split of authority as to whether that failure in and of itself is sufficient to invalidate coverage, the line of authority adopted by the Virginia Supreme Court is that timely notice is a condition precedent to coverage and that, as a result, an unexcused delay in

giving the notice required by the policy will necessarily result in a loss of coverage. *Dan River, Lord v. State Farm, Liberty Mutual v. Safeco, Erie Ins. Exchange* and *Porter. See* A. Windt, *Insurance Claims & Disputes* § 1.04 (2d ed.).

The line of authority adopted by other states and the policy reasons that support that authority may commend itself to this court; however, when the law is not in dispute, but clearly expressed by the Virginia Supreme Court, this court's mandate is not to second guess the wisdom of Virginia case law, but to apply the law as it is to the facts. In this case, Taylor has failed to prove that he substantially complied with a condition precedent. The court, as fact finder, concludes that no extraordinary circumstances or showing of intellectual impoverishment have been proved so as to excuse his noncompliance. Accordingly, Stonewall is not obligated to defend this suit or to extend coverage to the defendant, Taylor.