## CIRCUIT COURT OF CHESTERFIELD COUNTY

Virginia Farm Bureau

v.

Johnson

June 14, 1990

Case No. (Chancery) 1503-88

By JUDGE WILLIAM R. SHELTON

The Court finds that there are sufficient issues of fact to be submitted to a jury.

In this action for declaratory judgment, the Court must decide whether the issue of coverage can properly be submitted to a jury. Specifically, the insurer alleges that they owe no coverage because under the policy the claim was not reported "as soon as practicable." The insurer argues that this is not a proper question for a jury because there is no issue of fact. Stating that it is undisputed that the incident occurred on March 24, 1984, and that the insurer's first notice of the accident was on June 6, 1984, seventy-four days after the accident. This Court does not agree that there is no issue of fact.

Virginia Code § 8.01-188 provides for:

*Jury Trial.* When a declaration of right or the granting of further relief based thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict be required or not.

Thus, in an action for declaratory judgment, issues of fact may be properly submitted to a jury framed in interrogatory form.

In determining whether notice has been given to an insurer "as soon as practicable," the Virginia Supreme Court has consistently held that it is an issue to be resolved by the trier of fact. *State Farm Fire & Cas. Co. v. Scott*, 236 Va. 116, 372 S.E.2d 385 (1988); *Lord v. State Farm*, 224 Va. 283, 284, 295 S.E.2d 796, 797 (1982); *Liberty Mutual Insurance v. Safeco*, 223 Va. 317, 323, 288 S.E.2d 469, 473 (1982); *State Farm v. Porter*, 221 Va. 592, 272 S.E.2d 196 (1980). Furthermore, in *State Farm Fire v. Scott*, the Supreme Court expressly stated that:

> The requirement that notice be given "as soon as practicable" means that it must be given within a reasonable time after the accident, and what constitutes a reasonable time depends upon the facts and circumstances of each case.

236 Va. 116 at 120 (1988).

The crux of the insurer's breach of contract claim is whether notice was given within a reasonable time after the accident. A determination of this will focus on the facts and circumstances surrounding the accident and whether the delay was material, all of which are issues of fact. When in an action for declaratory judgment there are issues of fact to be resolved, the legislature has provided that such issues may be submitted to a jury. The Court finds that in this case, there are issues of fact which would properly be submitted to a jury.