## CIRCUIT COURT OF FAIRFAX COUNTY

State Farm Fire
and Cas. Co.

v.

Angie Stitt et al.

November 2, 1994

Case No. (Law) 129116

By Judge Thomas A. Fortkort

This matter was taken under advisement on September 7, 1994, for consideration of the issue whether timely notice was given of a claim on a State Farm policy. State Farm seeks declaratory judgment that it owes no coverage because notice was untimely and State Farm was prejudiced by the delay.

The facts as related below have been stipulated by the parties.

James Morales, the insured of State Farm, shot Michael Lucas in Fairfax County on property rented by Morales. Morales and his wife, Ms. Angie Stitt, have homeowner's coverage on a home they own in Frederick County, Virginia.

The shooting occurred on December 28, 1992. Mr. Kernbach wrote to Morales on July 2, 1993, advising him to notify his insurance carrier of a claim against any policy he might have. On July 15, 1993, Morales replied in writing to Mr. Kernbach that he had no coverage. On August 15, 1993, Ms. Stitt for the first time contacted State Farm to notify them of a claim.

State Farm has refused coverage, arguing that the notice of claim was not given "as soon as practicable," as required by the express terms of the policy. State Farm claims that the issue is a matter of law and cites several cases holding that notice was untimely in various circumstances. *State Farm v. Porter*, 221 Va. 592, 272 S.E.2d 196 (1980), *Lord v. State Farm*, 224 Va. 283, 295 S.E.2d 796 (1982), and *Liberty Mutual Ins. v. Safeco*

*Ins.*, 223 Va. 317, 288 S.E.2d 469 (1982), are cited as examples of untimely notice.

In 1988 the Virginia Supreme Court in *State Farm Fire and Casualty v. Scott*, 236 Va. 116, 372 S.E.2d 383 (1988), explained that these cases upheld the trial courts' *factual* determinations that notice was not timely under the circumstances (*Safeco* and *Lord*) and that where no notice at all was given there could be no question of its timeliness (*Porter*). The court stated that the issue of timeliness in these cases was one for the finder of fact, and not a matter of law.

The language of the policy in the present case requires notice of a claim "as soon as practicable." This phrase means that notice must be given within a reasonable time, as determined from the facts and circumstances of the case. *Scott* at 120. The insurer is not required to show it was prejudiced by the delay if the violation of the notice provision was "substantial and material." *Scott* at 120. Prejudice may nevertheless be considered in evaluating the materiality of the violation.

In the case at hand, extensive investigation by various law enforcement agencies determined in meticulous detail the facts and circumstances surrounding the incident. Extensive diagrams of the scene were prepared, videotapes of the area were made, and photographs were taken. The identity and statements of the only third-party witness are preserved. Statements within hours or days of the incident were recorded. In these circumstances, State Farm cannot possibly claim any prejudice by the delay.

The witness for State Farm also stated that notice was necessary to allow the company to report the claim and add the potential liability to their reserves. The incident occurred in the waning days of 1992, and thus, it is unlikely that the company would have received any notice in the calendar year 1992. Notice was received in 1993 and presumably the appropriate reserve decision was made in that year. Other than the general proposition that if every insured delayed the reporting of claims, insurance company reserves would not reflect its potential liability, little specific prejudice can occur to a large insurance company by the failure of a single insured to report a claim. In this case, even that slight prejudice did not occur.

The question remains as to whether the delay of 8½ months before notice was given the insurer is a "reasonable time." Black's Law Dictionary 5th ed. at page 1329, defines reasonable time as:

> Such length of time as may fairly, properly and reasonably be allowed or required, having regard to the nature of the act or duty, or of the subject matter, and to the attending circumstances. It is a maxim of English law that "how long 'a reasonable time' ought to be is not defined in law, but is left to the discretion of the judges." *Twin Lick Oil Co. v. Marbury*, 91 U.S. 587, 591, 23 L. Ed. 328 (1876).

Thus, the principle enunciated in *Scott* is one of long standing and will require an examination of the facts in this case.

The policy involved is a homeowner's policy not an automobile policy. Most people involved in a motor vehicle accident understand their obligation to report the accident to the insurance company or lose potential coverage. A similar obligation in a homeowner's policy is less well understood. One could point to several situations where a homeowner might not reasonably anticipate he would be sued and the company counsel agrees that such a situation would not lead to loss of coverage.

It is also a legal principle that failure to act promptly after notice that a law suit is imminent would invoke the "as soon as practicable" section of the contract and coverage would be denied.

While there is no particular standard that universally determines when coverage ought to be denied such a standard would necessarily evoke the "reasonable person." This formulation might be "where under the totality of the circumstances of a case, a reasonable person would conclude that a particular incident might lead to a law suit, then failure to notify the carrier of such incident would result in loss of coverage under the terms of the policy." Having said that, the Court must admit that such a formulation deprives the carrier of the protection of its policy limitations language in favor of a court rule.

The formula is not without merit because it does at least designate a time limit that achieves substantial justice considering the relative inequality of the parties. While the company might successfully argue that the benefit of its contract entitles it to a shorter time than our standard, it is unlikely that the policy holder can claim a longer period bearing in mind that the courts have not interpreted this language as meaning "actual notice." See *State Farm v. Walton*, 244 Va. 498, 504, 423 S.E.2d 188 (1992).

In reviewing the facts of the case, the Court concludes that Morales' delay in reporting the loss to the insurance company was unreasonable.

Morales was served with warrants within days of the shooting accident charging him among other things with reckless endangerment. He retained

counsel to defend him. He did not give notice to any insurance company although his landlord apparently gave her insurance company (Travelers) notice in July. It was this notice and the dealing with Travelers that set in motion Morales' notice to State Farm in August.

Morales knew when he shot Lucas that he was in serious trouble. He was charged criminally in the incident. He had legal counsel available to him. He has not stated that he inquired of any person as to his civil liability, that he was mislead by any circumstances other than his own ignorance, in securing attorney services and insurance coverage for his tortious act. He was not deluded by any apparent belief that the damages caused by his act were trivial, that other persons might be liable or misinformed by anyone as to his insurance coverage.

In the absence of any plausible explanation for his delay of 8½ months, the Court finds Morales is in default of his obligation to report the loss to the company "as soon as practicable" and the company may properly deny coverage.