# CIRCUIT COURT OF FAIRFAX COUNTY

Nationwide Mutual Ins. Co.

v.

Bread and Bowl
Deli I, Inc.,
and Barry Lee

June 3, 1997

BY JUDGE F. BRUCE BACH

This matter is before the Court on a declaratory judgment action to determine whether or not the plaintiff, Nationwide Mutual Insurance Company, provides liability insurance coverage to defendant Bread and Bowl Deli I, Inc., or defendant Barry Lee. The cause of action arises out of a claim made by Rolfe D. Kemp for bodily injuries resulting from an altercation between Kemp and Bread and Bowl's host/doorman, Lee. The incident allegedly took place on January 1, 1995, at a restaurant owned and operated by Bread and Bowl. Nationwide contends coverage under the parties' policy (Nationwide Policy Number 836998 is hereinafter referred to as "policy") is excluded due to the defendants' failure to properly notify Nationwide. After considering the parties' argument and for the reasons set forth below, I declare that the defendants fail to meet their burden of proving that the notice provisions of the policy are satisfied and the plaintiff has sufficiently proven that the defendants are excluded from coverage under the policy.

The incident which gives rise to the present action involves an alleged assault and battery on a patron of Bread and Bowl, Kemp, by Bread and Bowl's doorman/host, Lee. This incident occurred on January 1, 1995. Approximately one year and three months later, Bread and Bowl notified Nationwide of the altercation. Nationwide argues that by waiting over a year to notify their insurance carrier, the defendants fail to conform with the policy provisions. Nationwide further denies coverage since the incident involves intentional acts committed by Lee and that such acts are outside the scope of

Lee's employment. When declaring the parties' rights, the court must decide, first, whether the defendants have timely notified Nationwide under the policy provisions.

Well-settled contract principles govern the Court's analysis. An insurance policy is a contract, and when possible, the policy's language is given its ordinary and usual meaning. When the language is unambiguous, the court applies the policy's terms as written. *State Farm v. Walton*, 224 Va. 498 (1992). Under the policy's notice provision, Bread and Bowl is required to notify Nationwide "as soon as practicable" after an occurrence. Bread and Bowl's compliance with this requirement is a condition precedent to Nationwide providing coverage. *See, State Farm v. Porter*, 221 Va. 592 (1980); *Lord v. State Farm*, 224 Va. 283 (1982); *Liberty Mutual Ins. v. Safeco Ins. Co.*, 223 Va. 317 (1982). The failure to fulfill the notice requirement constitutes non-performance of the condition precedent and bars any recovery.

An initial problem facing the court is determining what constitutes "as soon as practicable." The "as soon as practicable" provision requires the insured to act within a reasonable time under the circumstances. An insured's compliance with this condition is necessary to assure the avoidance of any prejudice the insurer may face in defending a potential suit. In the instant case, four practical considerations underlie the application of the "as soon as practicable" standard. First, when is a happening considered an "occurrence" which triggers the requisite notice? Second, is the custom and parties' usage of trade admissible in the determination of what constitutes "as soon as practicable?" Third, has the insured acted reasonably under the circumstances? Finally, is Bread and Bowl's method of notifying its insurer of occurrences prejudicial to Nationwide?

An occurrence which gives rise to the duty of notice is an incident which is "sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim of damages covered by the policy." *State Farm Fire & Cas. Co. v. Walton*, 224 Va. 498, 504 (1992). In the instant case, the evidence at the hearing establishes that Bread and Bowl had knowledge of the altercation between Lee and Kemp. The cumulative testimony indicates that the January 1, 1995, incident equates to an occurrence which could probably result in a claim against the defendants. As such, Bread and Bowl is required to give notice as soon as practicable after the incident.

In defending the reasonableness of the March 7, 1996, notification; Bread and Bowl contends that it has always been the insured's practice to notify their carrier of incidents when Bread and Bowl feels it is appropriate. While March 7, 1996, may not fit squarely within the "as soon as practicable" time frame, it should be considered acceptable due to the parties' usual course of dealings.

Bread and Bowl has three prerequisites when introducing the parties' past dealings. *Arkla Lumber & Mfg. Co. v. West Virginia Timber Co.*, 146 Va. 641 (1926). It must be proven that the custom is certain and so well settled that it is presumably known to all the parties; that the custom was one generally followed at the time the policy was executed; and that the custom and usage do not vary or contradict the terms of the contract. *See generally, Virginia Model Jury Instructions*, No. 45.340. In the present action, Bread and Bowl has not met the above criteria. Bread and Bowl's practice of reporting occurrences once they were officially notified by potential claimants or their attorney contradicts and varies the policy's "as soon as practicable" language. Thus, it is inappropriate for the Court to consider the parties' custom and trade usage when determining whether the delay in notification is with sufficient justification.

Virginia case law dictates that the issue of whether notice is as soon as practicable depends upon the facts and circumstances of each case. *State Farm Fire & Cas. Co. v. Scott*, 236 Va. 116, 372 S.E.2d 383 (1988). After hearing testimony and argument, I find that Bread and Bowl's one year and three month delay in notification is unreasonable and is unjustifiable.

There are many reasons why a carrier would require an insured to notify them of a potential claim. As a potential defendant, the insurance company can preserve evidence and conduct investigations and discovery when the facts surrounding the occurrence are fresh in each witness' mind. By utilizing the timely discovered evidence, Nationwide is able to create a more complete and accurate defense. The court is convinced that Bread and Bowl's notification in this case is prejudicial to Nationwide.

For the above reasons, I declare that Bread and Bowl failed to comply with the policy's notice requirement. Because policy coverage is excluded for failing to comply with the notice provisions, it is unnecessary to address the ancillary issues surrounding this action.