## Staunton

### Pennsylvania National Mutual Casualty Insurance Company v. James Horace Bristow, Et Al.

September 9, 1966.

Record No. 6233.

Present, All the Justices.

*A. Christian Compton* (*John G. May, Jr.; May, Garrett, Miller, Newman & Compton*, on brief), for the plaintiff in error.

*Nathan H. Smith* and *David Nelson Sutton* (*A. Scott Anderson; Sands, Anderson, Marks & Clark*, on brief), for the defendants in error.

Carrico, J., delivered the opinion of the court.

This litigation arose out of an automobile accident which occurred on the night of March 18, 1964, on Route 33 near West Point in New Kent County. The same accident was the subject of an earlier opinion, on unrelated issues, by this court in the case of *Cowles* v. *Zahn*, 206 Va. 743, 146 S. E. 2d 200.

At approximately 8:15 p.m. on the date in question, the automobile of Charles Edward Zahn had stalled while being operated by Zahn in an easterly direction on Route 33. The vehicle came to a stop "partially on the hard surface" with the right wheels "in the ditch."

James Horace Bristow was a passenger in a panel truck also being operated in an easterly direction on Route 33. He and the other three occupants of the truck noticed "this old man and old lady, Mr. and Mrs. Zahn, on the side of the road." The driver of the truck passed by the Zahn car and parked his vehicle six or seven truck lengths ahead of the car.

The occupants of the truck returned to the stalled vehicle, found that it had "cut off in the road," and offered their assistance to Zahn. The hood of the car was raised and Bristow, standing at the front of the vehicle "directly in the middle . . . between the two headlights," leaned over the motor and reached with his hands "to check some of the wiring." His legs were touching the bumper and his stomach "could have been touching" the car.

At that moment, the Zahn automobile was struck in the rear by a vehicle being operated in an easterly direction by Alphonso Nathaniel Cowles. As a result of the impact, Bristow was "draped over the engine" of the Zahn vehicle, carried to the east, "thrown over in the ditch" and injured.

Bristow brought an action for damages against Cowles, who was an uninsured motorist. Pennsylvania National Mutual Casualty Insurance Company, which had issued to Bristow's father a liability policy containing an uninsured motorist endorsement, was served with process. Allstate Insurance Company, which had issued to Zahn a liability insurance policy containing an uninsured motorist endorsement, also was served with process.

Pennsylvania National then filed a motion for declaratory judgment naming Bristow, Cowles, Zahn and Allstate as defendants. The motion prayed that the uninsured motorist endorsement of Allstate's policy be declared to cover Bristow and that such coverage be adjudged the primary coverage owing to Bristow. The motion

also prayed that Pennsylvania National be declared not to owe coverage to Bristow under its policy.

The trial court heard the evidence and arguments of counsel and, in a final order, ruled that "Bristow was not an insured under the policy of insurance issued by the defendant Allstate" and dismissed the motion for declaratory judgment. Pennsylvania National was granted this writ of error.

Allstate, in the uninsured motorist endorsement contained in its policy issued to Zahn, agreed to pay, "in accordance with Section 38.1-381 of the Code of Virginia . . . all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of . . . bodily injury . . . sustained by the insured . . . caused by accident and arising out of the . . . use of such uninsured automobile."

The word "insured," as stated in the Allstate policy, means "the named insured and, while residents of the same household, his spouse and the relatives of either," and also includes "any other person while occupying an insured automobile." The word "occupying," as stated in the policy, means "in or upon or entering into or alighting from."

Pennsylvania National concedes that its policy, the language of which is similar to Allstate's, was effective on the date of the accident. It contends, however, that Bristow was an insured under the Allstate policy and that Allstate's was the primary coverage because, at the time of the accident, Bristow was "upon," and thus "occupying," the Zahn vehicle, which was covered by the Allstate policy.

Allstate contends that Bristow was not an insured under its policy because he was not "occupying" the Zahn vehicle at the time of his injury. Allstate urges that Bristow was entitled to the coverage of Pennsylvania National's policy, issued to Bristow's father, in whose household Bristow resided.

Bristow adopts the same position as Allstate while, at the same time, reserving any rights he may have against Allstate "in the event it be determined that he is without the protection afforded by" Pennsylvania National's policy.

The precise question here presented is one of first impression in Virginia as, indeed, it appears to be in the entire country. Pennsylvania National has cited numerous cases to us which it claims are authority for its position that one who is merely touching a ve-

hicle is "upon" the vehicle so as to qualify as an insured under a policy similar to Allstate's.

But each of the cases cited by Pennsylvania National, involving claim made under the medical payments provision of the particular policy involved, differs significantly from the situation before us. In each of those cases the injured person, who was granted coverage under the definition of "occuying" as meaning "in or upon" the vehicle, was, unlike Bristow, either preparing to enter, or had just alighted from, the vehicle as the driver or a passenger.

Allstate also has cited a number of cases to us to support its position that Bristow does not qualify as an insured under its policy, but those cases, like Pennsylvania National's, do not relate directly to the issue before us. That issue must be resolved, therefore, solely in the light of the uninsured motorist statute, the language of Allstate's policy and the evidence before the trial court.

The uninsured motorist endorsement in Allstate's policy differs from, and expands upon, to some extent, the language of Code, § 38.1-381, which requires the inclusion of such an endorsement in all automobile liability policies issued in Virginia.

As was noted in *Insurance Company* v. *Perry*, 204 Va. 833, 134 S. E. 2d 418, the uninsured motorist statute created two classes of insured persons. The first class, which does not affect Allstate's liability here, includes the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either.

The second class, by the terms of the statute, includes those persons who use, with the consent, expressed or implied, of the named insured, the vehicle to which the policy applies and those who are guests in such vehicle.

As to the second class of insured persons, Allstate's policy does not limit the uninsured motorist coverage, as does the statute, to those who permissively use the insured vehicle or who are guests therein, but extends such coverage to any person merely occupying the insured vehicle. And the word "occupying" is, by the policy, defined to include those who are "in or upon or entering into or alighting from" the vehicle.

The crucial question then becomes: Was Bristow "upon" the Zahn vehicle at the time of the accident, within the meaning of Allstate's policy?

Taken in its most abstract sense, the word "upon" might be

held to have the meaning which Pennsylvania National seeks to have us give it in this case—that one who merely touches an insured vehicle is "upon" it. But the word cannot be viewed as if in a vacuum nor can it be read out of context with the place and manner in which it is employed in the policy.

The word "upon" must be viewed with relation to the word in the policy which it defines, that is, the word "occupying." The word "upon" must be read together with the other words in the phrase in which it is found, that is, the words "in . . . or entering into or alighting from." When the disputed word is so viewed and read, it is clear that to be "upon" an insured vehicle is to have some connection with "occupying" it. To give the word such a meaning is to fit it snugly into the context of the phrase in which it appears, all the other words of which are directly connected with "occupying."

Within the purposes contemplated here, a person may be said to be "upon" a vehicle when he is in a status where he is not actually "in," or is not in the act of "entering into or alighting from," the vehicle, but whose connection therewith immediately relates to his "occupying" it.

Bristow's situation, at the time of his injury, does not fall within the meaning which we conclude must be given to the word "upon." He had not occupied the Zahn vehicle, to which Allstate's policy applied, nor did he intend to occupy it. His touching of the vehicle was merely incidental to his kindly act as a Good Samaritan. Commendable though his actions might have been, it cannot be said that he was "upon" the vehicle in the sense of "occupying" it, within the meaning of the language of Allstate's policy.

We agree with the trial court that "Bristow was not an insured under the policy of insurance issued by the defendant Allstate." Accordingly, the judgment of the trial court will be

*Affirmed.*