## CIRCUIT COURT OF CHESTERFIELD COUNTY

Lisa A. Claytor

v.

Va. Farm Bureau Mutual Ins. Co.

### January 29, 1987

By JUDGE ERNEST P. GATES

This case was submitted to the Court on a Stipulation of Facts, evidence heard *ore tenus* and briefs of counsel. There are three questions in this case.

I. Where plaintiff is walking toward a non owned vehicle, yet is still some distance from the vehicle, is defendant occupying that vehicle or "entering into" or "alighting from" that vehicle in accordance with the provisions of Reginald Claytor's policy?

II. If plaintiff had $100,000.00 available to her at the time of her accident, is defendant entitled to underinsurance motorists benefits under either Virginia Farm Bureau Mutual Insurance Company policy pursuant to Va. Code Section 38.2-2206 (formerly Section 38.1-381), as amended?

III. Did plaintiff breach the terms of the insurance policy by executing a release in favor of Ritter, thereby denying the uninsured motorist carrier its subrogation rights?

The answers to questions II and III are in the affirmative and controlled by the Court's opinion this day rendered in a companion case of *Plummer v. Allstate Insurance Company*, a copy is attached hereto.

The crucial question in this case which will decide the ultimate issue is "Where plaintiff is walking toward a non owned vehicle, yet is still some distance from the vehicle, is defendant occupying that vehicle or 'entering into' or 'alighting from' that vehicle in accordance with the provisions of Reginald Claytor's policy?"

My short answer is no.

On July 25, 1985, Lisa A. Claytor was driving northbound on Chippenham Parkway in Chesterfield County, Virginia on her way to work. At this time, she noticed that a friend of hers, April Plummer (Mrs. Plummer), had pulled over with her disabled vehicle on the median strip of Chippenham Parkway. Mrs. Claytor pulled her vehicle onto the median about 200 yards from Mrs. Plummer's vehicle and got out to help her. As Mrs. Claytor and Mrs. Plummer walked back towards the vehicle Mrs. Claytor had driven, Mrs. Claytor and Mrs. Plummer were hit by a vehicle driven by Alan Ritter. Lisa A. Claytor was returning to her vehicle after she left the vehicle to assist her friend and was about 100 yards from her vehicle returning to her vehicle.

Under the terms of her policy, she was a Class II insured. She was insured if she were occupying the vehicle.

The policy provides: "Section C - Uninsured Motorists Insurance"

II. Persons insured:

(b) Any other person while occupying an insured motor vehicle.

and

IV. Definition:

Occupying means and/or upon or entering into or alighting from.

In *Casualty v. Bristow*, 207 Va. 381, 150 S.E.2d 125 (1969), the Supreme Court of Virginia held that a person leaning over the engine compartment of an auto to effect repairs was not "occupying" that vehicle within the meaning of the policy and the plaintiff was not entitled

to coverage. Bristow had not occupied the vehicle, nor did he intend to occupy it.

In *Insurance Company of North America v. Perry's Adm.*, 204 Va. 833, 837 (1964), a Norfolk policeman was walking toward his City of Norfolk police cruiser after serving a warrant when he was struck and killed by an uninsured vehicle. The Virginia Supreme Court, in reversing the Circuit Court, found that the officer was not occupying the vehicle as required by the uninsured motorist policy.

In determining when a party is occupying a vehicle in terms of "entering into" or "alighting from" it, courts throughout the United States have looked at a variety of factors.

In *New Amsterdam Casualty Co. v. Fromer*, 72 A.2d 645 (D.C. 1950), the Court held the party was not entering into the vehicle when he was struck from behind by a passing car while walking towards his vehicle. Though he had reached a point only six feet from the rear of the vehicle, the court stated that it was clear the injured party was not entering into the vehicle. Furthermore, the most that could be said was that the injured party was approaching the vehicle for the prospective purpose of entering it. In the case at bar, Mrs. Claytor was much farther than six feet from the vehicle when she was injured. If a party is not entering into a vehicle while walking towards it, though only six feet from it, it is clear that a party is not entering into a vehicle while still 40 yards away from it.

In *Carter. v. Travelers Indemnity Co.*, 146 So.2d 257 (La. Ct. App. 1962), the Court held that the party was entering into the vehicle at the time he was injured. In this case, however, the injured party had opened the door to the vehicle and had his hand on the door at the time of his injury. The Court stated that the meaning of the word entering is clear and unambiguous, and defined it as the equivalent of coming or going into, passing into the interior of, or making an entrance into. Under the definition, it is clear that in the case at bar, Mrs. Claytor was not going into or passing into the interior of the vehicle. She was therefore not entering into it.

In *Green v. Farm Bureau Mutual Automobile Insurance Co.*, 139 W. Va. 475, 80 S.E.2d 434 (1954), the Court held that the injured party was not entering into or alighting

from the vehicle while changing a flat tire. While recognizing that where doubt or ambiguity is to be construed strictly against the insurer, the Court stated that this rule of construction does not permit the distortion of plain words or language. Therefore, the words "entering into" and "alighting from" were to be given their plain common use meaning. Similarly, the words "entering into" and "alighting from" should be given their plain common use meaning in the case at bar.

In *Ross v. Protective Indemnity Co.*, 135 Conn. 150, 62 A.2d 349 (1948), the Court held the plaintiff was not "entering into" or "alighting from" the vehicle when he was injured. In this case, the party was injured several minutes after he had left the car while standing a few feet in back of the car conversing with another party. The Court stated that to hold that the injured party was in the act of "entering into" or "alighting from" the vehicle would be to so distort their words as to go beyond their intended meaning. Likewise, in the case at bar, to say that Mrs. Claytor was "entering into" or "alighting from" the vehicle would be a distortion of the intended meaning of the words.

In *Whitemore v. Nationwide Mutual Insurance Co.*, 254 S.C. 184, 174 S.E.2d 391 (1970), the Court held that plaintiff was alighting from the vehicle when she was injured. At the time of injury, plaintiff was two to three feet from the vehicle and running away from it. The Court stated that the definition of alighting from must be determined under the facts of each particular case and that its meaning must be related to the particular use of the vehicle, and the purpose for which coverage was afforded. In the case at bar, it is not reasonable to assume that the coverage was intended to protect an uninsured party who was nearly forty yards away from the vehicle at the time of injury.

Mrs. Claytor was not an insured under the policy of insurance issued by the defendant. The motor vehicle that she previously occupied played no part or was any way the cause of her injuries.