JUSTICE KOONTZ,
dissenting.
I respectfully dissent. In my view, the sole issue presented in this appeal is whether case law subsequent to Stern v. Cincinnati Insurance Company, 252 Va. 307, 477 S.E.2d 517 (1996), warrants reconsideration of the issues decided by that case. The majority, relying upon Randall v. Liberty Mut. Ins. Co., 255 Va. 62, 496 S.E.2d 54 *512 (1998), and Edwards v. GEICO, 256 Va. 128, 500 S.E.2d 819 (1998), reasons that this Court has adopted a more expansive view of what constitutes “using” an insured vehicle within the meaning of Code § 38.2-2206(B) and, thus, our holding in Stem has been called into question. I disagree.
Randall dealt with an individual who was struck and killed by a vehicle while placing lane closure signs along the side of the highway. At that time, he was using the specialized safety equipment of the insured vehicle, which he had driven to the site, to create a safety zone in which to complete his assigned task. We held that these circumstances constituted a use of the insured vehicle with the meaning of Code § 38.2-2206(B). Randall, 255 Va. at 67-68, 496 S.E.2d at 57.
In Edwards, we held that an individual who was neither the driver nor a passenger of the insured vehicle was nonetheless “using” the vehicle within the meaning of Code § 38.2-2206(B) since he was using specialized equipment associated with the vehicle to change a flat tire on the vehicle. Moreover, when he was struck and injured by another vehicle, Edwards was in physical contact with the insured vehicle. We held that his utilization of the insured vehicle’s equipment coupled with his intent to drive the vehicle immediately after replacing the tire constituted “using” the vehicle within the meaning of Code § 38.2-2206(B). Edwards, 256 Va. at 133, 500 S.E.2d at 821.
The underlying rationale of Randall and Edwards was that in each case the action of the injured person constituted a use of the insured vehicle within the meaning of Code § 38.2-2206(B) because there was a causal relationship between the accident and the use of the vehicle as a vehicle even though the actual use was unrelated to the transportation function of the vehicle. This was a logical extension of our decision in Great American Insurance Co. v. Cassell, 239 Va. 421, 424, 389 S.E.2d 476, 477 (1990). However, nothing in Randall suggests that this rationale would apply to every individual injured while located within a safety zone created by specialized equipment of an insured vehicle. Nor does the application of this rationale in Edwards to a non-passenger, who was actually using specialized equipment while in physical contact with the vehicle, necessarily extend coverage under the statute to every individual who incurs an incidental benefit from specialized equipment of a vehicle. Indeed, both of these questions were previously resolved in Stern.
In Stern, the student, when injured, was within a safety zone created by the activation of the specialized safety equipment of the *513 insured bus by the bus driver for the student’s benefit prior to completing her intended mission of becoming a passenger on the bus. Under those specific facts in Stem, we determined that the student was not “using” the school bus within the meaning of Code § 38.2-2206(B). Unlike the circumstances in Randall, the student in Stem was not within the safety zone as a user of the vehicle. Unlike the circumstances in Edwards, the student in Stern was not physically in contact with the vehicle, nor was she utilizing the bus’s specialized safety equipment in a manner that constituted a use of the vehicle as a vehicle. Thus, at the time of her injury, Stem was not yet “using,” within the meaning of Code § 38.2-2206, the bus she intended to board. The facts of the present case are indistinguishable from those in Stern, and accordingly, I would hold that our decision in Stem remains viable and controls the outcome of the present case.
For these reasons, I would affirm the declaratory judgment of the trial court in all respects.